ELLIS v. FAYETTEVILLE LUMBER & CEMENT COMPANY.

4-4893

Opinion delivered January 17, 1938.

O. E. Williams and Earl N. Williams, for appellants.
Clifton Wade, for appellee.

MEHAFFY, J. The appellants owned certain real estate in Washington county, Arkansas, and on July 8, 1935, entered into a written contract with W. C. Jackson to build certain tourist camps on the lot owned by appellants. The tourist camps were built and the appellants paid Jackson the entire amount of the contract price. Jackson was to furnish all labor and material. The contractor, however, did not pay the appellee.

It is admitted that the appellants owned the lot on which the tourist camps were built; that they contracted with Jackson and paid him.

Suit was filed by the appellee to enforce a materialman's lien on August 29, 1936. On September 23, 1936, appellants filed a demurrer to the complaint. An amendment was filed to the complaint making the contractor a party defendant.

Appellee alleged in its complaint that there was a balance due it for material furnished of $329.82; that on November 15, 1935, notice of its claim was filed in the office of the clerk and recorder of Washington county, Arkansas, for notice and service of said notice upon nonresidents; that the appellants were nonresidents; that after expiration of ten days from the filing of notice, and prior to ninety days from date of last item of material furnished, appellee filed with the clerk its account, as required by law, showing the items furnished.

After appellants' demurrer was overruled, they filed an answer to the amended complaint, admitting the contract with Jackson, but denying every material allegation in the complaint, except those admitted. They alleged that they had paid the contractor, Jackson, and had had no dealings with the appellee. It was further alleged in the answer that no notice was given that a lien would be filed as provided by law; that at the time the alleged notice was filed, appellants had an agent in Washington county, one Cy Foster, and that it was well known that

Cy Foster was appellants' agent; that no attempt was made to serve notice upon Foster, and notice was not filed in the office of the circuit clerk and recorder, and recorded as provided by law, and said alleged lien was more than ninety days after the last item in appellee's account, and they plead the statute of limitations.

Thereafter, on June 28, 1937, the appellants filed motion to dismiss on the ground that the alleged lien purported to have been filed in the office of the circuit clerk and recorder of Washington county on November 26, 1935, and an amended complaint was filed in an effort to make the original contractor, W. C. Jackson, a party on September 24, 1936. It is alleged that the contractor was not served with summons or that an action was begun within 15 months from the time said lien was alleged to have been filed.

Appellee filed a demurrer to the motion to dismiss, and a response denying the allegations in the motion.

The court found that Jackson had been served with summons as required by law, and that due return had been made, and the court also found that Jackson had entered his appearance, and overruled the motion to dismiss.

The cause was then submitted by agreement of parties, and the court, on July 30, 1937, entered a decree in favor of appellee and declared a lien on the property described for $362.72, interest and costs, and gave judgment against the contractor, Jackson, for this amount. From this decree comes this appeal.

The court also held that the appellants were non-residents on July 19, 1935, and at all times subsequent thereto, and that Ellis had no agent in Washington county; that Cy Foster was not the agent of said Ellis for the construction of the premises involved herein, and was not a proper party to be served with the notice in this cause, and that appellee had no notice or knowledge either actual or constructive, that Ellis had or claimed to have an agent in Washington county; that ninety days after the last item was furnished by the plaintiff, it filed for record in the office of the circuit clerk and recorder,

a notice of materialman's lien in form and manner required by law, and that the filing of same was notice to defendant as prescribed by § 8877 of Pope's Digest; that affidavit for a lien and itemized statement was filed ten days after the filing of the notice.

Appellants contend first that there was no service of notice on appellants as required by §§ 8876 and 8877 of Pope's Digest. They say that they left Arkansas on August 7, 1935, and that this fact was well known, and that on August 5, 1935, Commander Ellis put a notice in the Fayetteville Daily Democrat to that effect. The notice was as follows:

"During my absence all my business here is handled by Mr. Cy Foster. Mark St. Clair Ellis."

Appellants, to support their contention, call attention first to *Laev. Lbr. Co.* v. *Auer*, 123 Wis. 178, 101 N. W. 425. The court in that case said: "It appears that Fehr attended to the business of Mr. Auer in his absence and had authority to represent him in transactions pertaining to his business affairs. These circumstances as established by the evidence, clearly show service of this notice upon the owner's agent."

The court further said: "The purposes of this statute are twofold; first, to secure payment to persons who furnish material or perform labor upon the structures therein mentioned; and, second, to apprise the owner that a claim therefor is made for the amount due for such labor or material."

The appellants next call attention to *Johnson* v. *Barnes & Morrison Bldg. Company*, 23 Mo. App. 546. The contention was there made that the agent was not a proper person to receive notice for the owner, and claimed that the superintendents were the only proper agents of the owners upon whom notice of lien claimed should be served. The court said: "But the superintendents had nothing to do but to look after the manner and quality of the work done, and to certify as to these facts. They had nothing to do with questions of payment, which were reserved for the decision of Mr. Blair. This gentleman's relation with the owners were, at least,

such as should justify a presumption that, when the notice of the plaintiff's claim was served upon him, he, acting within the scope of his agency, 'communicated the facts to his principles'." The court further said: "Generally it is sufficient to notify an agent whose proper business it is to attend to the matters in reference to which the notice was given."

In the next case, *Col. Iron Wks.* v. *Taylor,* 12 Colo. App. 451, 55 Pac. 942, the lower court held that the notice served on an agent was insufficient. The Supreme Court, in reversing the case said, among other things, "Conceding the contention of appellees that it does not, yet the facts in this case constitute the Alleghany Company, as we have said, such an express agent, for the express purpose of making these improvements, that it unquestionably comes within the term 'agent,' as used in § 3, in whatever restricted and limited sense it may be there employed."

Attention is called to the case of *Burns & Hamilton Co.* v. *Denver Inv. Co.,* 217 S. W. 719. The court there said: "The agent to whom notice may be given, under the statute, must be such an agent as the owner has expressly vested with authority to receive such notice, or referred to as the one to whom such notice might be given, or be an agent of general authority, in such managerial or directing situation with reference to construction of the building as would constitute him the *alter ego* of the owner."

It cannot be said in the instant case that Mr. Foster was such an agent as described above. Besides this, Mr. Ellis was not the owner of the property. The appellants, in the beginning of their brief, say that the structure was on a lot owned by Commander Mark St. Clair Ellis and Rose St. John Mildmay Ellis, husband and wife. They were the owners and the persons to whom notice should be given.

The object of the notice required to be given to the owner is for the benefit and protection of the owner, and to be served on an agent, it must be such an agent as would be required to report to his principal. The notice

is intended to furnish the owner information and enable him to take steps to guard himself against loss. 40 C. J. 161.

Here the owners were given notice in the manner provided in §§ 8876 and 8877, Pope's Digest. On November 15, 1935, the notice was filed in the clerk's office. Thereafter the appellants filed the pleadings above mentioned.

It is well established that the owner must have notice of the filing of such a lien, and that the statute must be substantially complied with. We think, in this case, there was a substantial compliance with the statute. The notice was not only given, but was received, and the appellants had an opportunity to try the case on its merits in the court.

It is next contended by the appellants that the lien was not filed within ninety days after the last item of material furnished. The lien must be filed within ninety days. The evidence tends to show, and the chancellor found, that the lien was filed within time, and it is the settled rule of this court that we will not reverse the finding of a chancellor unless it is against the preponderance of the evidence.

It is next contended that the contractor was not served with summons within 15 months, nor at any other time. The decree of the chancellor is to the effect that Jackson was served within time and he entered his appearance and testified himself that he had been served with summons.

The finding of the chancellor does not appear to be against the preponderance of the evidence, and the decree is, therefore, affirmed.