SHANNON SUPPLY CO. *v.* AVEY

5-3922                                    403 S. W. 2d 87

Opinion delivered May 30, 1966

*Carl Whillock,* for appellant.

*N. J. Henley,* for appellee.

GUY AMSLER, Justice. Appellant Shannon Supply Company, Inc. is engaged in the building materials business in Clinton, Arkansas. Appellees Melvin R. Avey and his wife own and operate a furniture store in Clinton. Appellee Paul E. Shonebarger is a building contractor.

In 1963, Shonebarger built a home for the Aveys. During the construction period, Shonebarger purchased materials from Shannon that were used in the Avey residence. The last such purchase was made on July 11, 1963.

Shonebarger did not meet his obligation to pay for the material. Prior to the statutory deadline for filing a lien Shannon discussed Shonebarger's delinquency with Avey and informed him that if arrangements for payment were not made he would in due time file a lien against Avey's property.

The obligation was not satisfied, hence Shannon proceeded with plans to perfect his lien. Upon undertaking to give the ten days notice required by Ark. Stat. Ann. § 51-608 (1947), Shannon learned that the Aveys were visiting a son in Arizona and would be away about two weeks. Jim Hayes had been left in charge of the store. The parties stipulated "that Jim Hayes, a brother-in-law of Melvin Avey, was employed to attend to the affairs of the Avey's furniture store in the absence of the Aveys but without power to contract in their names or bind them to an agreement, and his sole duties were to sell merchandise to the public and to receive money voluntarily paid on accounts at the store. That the said Jim Hayes was never a steady employee of the Aveys, and only worked for the Aveys at such times as he was needed, which was at irregular times."

On the 23rd day of October, 1963, the Aveys still being in Arizona, Shannon served formal notice of ''intention to file material lien'' on Hayes and Shonebarger, and the lien was filed on November 6, 1963. The account was not paid, so on February 4, 1965, appellant filed suit against the Aveys and Shonebarger seeking judgment against all of them and asking that a lien be impressed on the Avey property.

A separate demurrer was interposed by the Aveys based on the grounds that the complaint did not state facts sufficient to warrant a judgment against them or impressing a lien on their property. The Chancellor sustained this demurrer and found that Hayes ''was not expressly vested with the authority by the defendants (Aveys) to receive any such notice'' and that he was not an agent of general authority for the defendants. This appeal ensued.

Appellant's sole contention is that ''there was substantial compliance by the appellant in giving notice of its intention to file a lien.''

Actually the pivotal question is was Hayes' agency of such a nature as to bind the Aveys when he (Hayes) was served with the statutory notice. We think that the language used in *Ellis* v. *Fayetteville Lumber and Cement Company,* 195 Ark. 385, 112 S. W. 2d 613 clearly suggests that the question must be answered in the negative. The following is quoted from that opinion:

> ''The agent to whom notice may be given, under the statute, must be such agent as the owner has expressly vested with authority to receive such notice, or referred to as the one to whom such notice might be given, or be an agent of general authority, in such managerial or directing situation with reference to the construction of the building as would constitute him the alter ego of the owner.''

The oral statements made to Mr. Avey by Mr. Shan-

non could in no wise be considered "substantial compliance" with the statute as they were nothing more than expressions of an intention to give the required notice and perfect a lien.

The General Assembly displayed considerable foresight in the enactment of Ark. Stat. Ann. § 51-609 (1947), which provides an alternative procedure in just such a situation as this case presents. Under § 51-609 appellant could have filed its notice with the Circuit Clerk and Recorder in apt time and gotten the same results as if it had served the Aveys.

The Chancellor acted properly in dismissing the action as to the Aveys and the case must therefore be upheld.

Affirmed.