Charles A. CHRISTY et ux *v.*
NABHOLZ SUPPLY COMPANY, Inc. et al

76-265                                        546 S.W. 2d 425

Opinion delivered Feburary 22, 1977
(Division II)

*Clark, McNeil & Watson,* for appellants.

*Brazil & Roberts*, for appellees.

DARRELL HICKMAN, Justice. The Chancery Court of Faulkner County found that Nabholz Supply Company, Inc. was entitled to a labor and materialmen's lien judgment for $3,435.98 against a house and property owned by Charles A. Christy and his wife. The general contractor, Jack Harmon Construction Company, Inc., subsequently adjudged bankrupt, authorized the labor and material furnished by Nabholz and did not pay the account in full. Another contractor, Johnie Mode, an excavation contractor, was allowed a lien against the Christy property for $320.00.

Christy appeals and alleges five errors: (1) Nabholz should not have been allowed a lien for labor charges; (2) Nabholz did not prove the amount charged for labor; (3) The chancellor failed to recognize the "electrical contract" and the remainder of an open account, maintained by Nabholz, as two separate claims; (4) The improper finding by the chancellor that the electrical contract and the open account were a continuing charge extended the time for filing liens; and (5) The lower court improperly allowed the Mode lien claim.

All of these allegations of error, except the first one, are without merit because they involve a question of fact. We will not disturb the findings of a chancellor on appeal regarding a fact question unless the findings are against the preponderance of the evidence. *Porter* v. *Ark. Western Gas,* 252 Ark. 958, 482 S.W. 2d 598 (1972). The chancellor's findings were not against the preponderance of the evidence on these issues.

We disagree with the finding of the trial court allowing Nabholz, a supplier of material, to have a lien for labor. Nabholz did not have a fixed-sum contract for any part of this job. It supplied materials to the job, and from time to time sent its laborers to the job to perform construction work. There were no liens filed by Nabholz' laborers. The Arkansas lien statute is strictly construed because it is an extraordinary remedy not available to every merchant or worker. Ark. Stat. Ann. § 51-601 (Repl. 1971). *Scott* v. *LeGrande,* 225 Ark. 1022, 287 S.W. 2d 456 (1956). We have held that a laborer can

assign his right to a lien, but there was no assignment in this case. *Wyatt Lumber & Supply Co.* v. *Hansen,* 201 Ark. 534, 147 S.W. 2d 366 (1940). Nabholz is not without a remedy, because it has a right to proceed against the company or individual who authorized the charges, in this case Harmon Construction Company. The fact that Harmon is bankrupt is, of course, irrelevant to the application of the materialmen and laborers lien law.

It cannot be exactly determined from the record what portion of the judgment granted to Nabholz is labor and labor-related employer expenses, such as social security payments. Therefore, on remand the trial court will determine what the labor and labor-related expenses are and deduct them from the lien judgment granted in this case. In other respects, the Nabholz judgment is affirmed.

We affirm the trial court's judgment for Johnie Mode. The issue was credibility of the parties and the chancellor found for Mode.

Affirmed in part. Reversed and remanded in part.

We agree. HARRIS, C.J., and FOGLEMAN and ROY, JJ.