Tom CONE Jr., d/b/a STONE
LUMBER COMPANY *v.* Eugene A. JURCZYK
and Phyllis JURCZYK, Husband
and Wife et al

76-331                                     547 S.W. 2d 108

Opinion delivered March 7, 1977
(Division II)

*Herbert L. Ray,* for appellant.

*Paul E. Hopper,* for appellees.

DARRELL HICKMAN, Justice. The Chancery Court of Sharp County dismissed the complaint of Tom Cone, Jr., doing business as Stone Lumber Company, because of a failure to comply with a requirement of the Arkansas Materialmen's law.

The lumber company supplied materials used in the construction of a house owned by Eugene A. Jurczyk and his wife, Phyllis, which is located in Sharp County, Arkansas. The company claimed over $5,000.00 was due and gave notice to the Jurczyks that a lien would be filed against their property within ten days from the date of the notice. However, the statement of account or the lien for material was recorded in another county, Fulton County. Within fifteen months after the statement was filed in Fulton County, a lawsuit was filed in Sharp County, Arkansas to foreclose the lien. A demurrer was filed asking for a dismissal because the statement of account or lien had been filed in the wrong county. The chancellor sustained the demurrer and dismissed the lawsuit.

Stone Lumber Company argues on appeal that the Jurczyks had notice and the recording of the statement in the wrong county was an inadvertent error which should not result in dismissal of the lawsuit.

We have held that a materialmen's lien is an extraordinary remedy that is not available to most merchants, and there must be substantial compliance with the technicalities of the lien law. *Christy v. Nabholz,* 261 Ark. 127 (1977), *Rasmussen v. Horner Co., Inc.,* 255 Ark. 1030, 505 S.W. 2d 225 (1974). The lien law clearly states the account and claim will

be filed in the county where the property is located. Ark. Stat. Ann. § 51-613 (Repl. 1971). In this case, the notice stated a claim would be made against the real estate of the Jurczyks, but the claim itself was filed in another county. Therefore, the owner of the real property, or anyone who holds a mortgage on the property, or is interested for any reason, would not have any notice that a claim was being made against the property. It follows that filing the statement of account in another county is not substantial compliance with the lien law. This doesn't mean the materialman has no remedy; it means the land cannot be sold to satisfy the claim. The remedy is a suit against the person or company, or both, who purchased the material.

Affirmed.

We agree. HARRIS, C.J., and FOGLEMAN and ROY, JJ.