VALLEY METAL WORKS, INC. *v.*
A. O. SMITH-INLAND, INC. and
CHEMPRO CORP.

78-75                                              572 S.W. 2d 138

Opinion delivered October 9, 1978
(Division I)

*Laser, Sharp, Haley, Young & Huckabay, P.A.,* by: *Peter B. Heister,* for appellant.

*Joe D. Bell,* of *Friday, Eldredge & Clark,* and *James M. McHaney,* of *Owens, McHaney & McHaney,* for appellees.

FRANK HOLT, Justice. Appellant asserts, as a matter of law, that it is entitled to a mechanic's and materialman's lien against the property of appellee Smith. The stipulated facts are that Smith contracted by purchase order with appellee Chempro Corp. for Chempro to design and sell to Smith certain materials for a solvent recovery system to be installed by Smith on the property in which Smith held a leasehold interest. Chempro (a New Jersey Corp.) issued its purchase order to Aircon (an Ohio Corp.) for a carbon adsorbtion unit, a component part of the solvent recovery system. Aircon then issued its purchase order to appellant Valley (an Ohio Corp.) for an adsorber unit which was a component part of the carbon adsorbtion system. Appellant fabricated and assembled the unit for Aircon, shipped it to Smith's premises in Little Rock with Aircon named as "shipper," and sent a statement to Aircon for the unit in the amount of $11,114.00. The various components of the solvent recovery system were installed by Smith's employees or local contractors employed by Smith. Chempro's agents inspected the work after installation was complete but did not oversee any of the installation itself. All contracts by Smith were with Chempro. Neither Smith nor Chempro had any contractual relationship with or knew of appellant Valley. Chempro paid Aircon in full. Aircon did not pay Valley. Valley filed a "Materialman's and Laborer's Lien" against Smith's leasehold interest.

The chancellor found there was no privity of contract between Valley and anyone except Aircon and that Valley, Aircon and Chempro were material suppliers and not subcontractors or contractors. Valley contends the chancellor erred inasmuch as it is entitled to its asserted lien as a matter of law. Appellant Valley argues the only issue is whether Valley, which delivered to Smith's premises an item designed and fabricated specifically for installation there, is entitled to a mechanic's and materialman's lien. Valley contends that the provisions of our statute were intended to benefit one such as itself, which, as here, contracts with a subcontractor.

Appellant relies upon Ark. Stat. Ann. § 51-601 (Repl. 1971) asserting that it supplied the materials in issue "by vir-

tue of [a] contract with the . . . . , subcontractor [Aircon] . . . . " and therefore is entitled to a lien within the meaning of that statutory language. Appellant reinforces its argument by citing Ark. Stat. Ann. § 51-625 (Repl. 1975) which appellant says defines and manifests the legislative intent that a "subcontractor" includes "all persons furnishing things or doing work . . . . "

Appellees cite *Sweetser Const. Co.* v. *Newman Bros., Inc.*, 236 Ark. 939, 371 S.W. 2d 515 (1963), as being applicable to the case at bar. Appellant responds that *Sweetser* is not pertinent since it involved a prime contractor's surety bond and not the mechanic's lien statute, the relevant statutory provisions of the bond being §§ 51-632—635. In other words § 51-601 was not in issue in *Sweetser* and supplies little in the way of a reliable precedent. We do not agree.

We think the rationale of the case there is applicable to the case at bar. There, as here, the prime contractor contracted with a Fort Smith structural steel company, a materialman, to furnish certain items to be used in a building. Included was an item which was manufactured "by Newman Bros., Inc." Fort Smith Steel then placed an order for this item with an Oklahoma steel company which in turn ordered the item from Newman Bros., which manufactured and shipped it to the job site. The prime contractor paid Fort Smith Steel for this item and all other items furnished by it. Fort Smith Steel paid the Oklahoma steel company for the specific item. That company did not pay Newman Brothers. There we held that Newman was a remote supplier, had no privity of contract with the prime contractor and was not entitled to recover on the prime contractor's bond. There we further said:

> It is contended by appellee that the Fort Smith Company was a subcontractor. Conceding, without deciding, this to be true, it avails appellee nothing because appellee did not deal with that company but with the Oklahoma Company which has been paid in full . . . . .

The reasoning there stated is applicable here. To hold otherwise, in the circumstances, would extend *ad infinitum* the

vulnerability of a property owner to a lien by anyone who had furnished materials or labor to a subcontractor. We do not construe that as being the legislative intent. Our lien statutes are in derogation of the common law and we construe them strictly since they provide an extraordinary remedy that is not available to every merchant or worker. *Christy* v. *Nabholz Supply Co.*, 261 Ark. 127, 546 S.W. 2d 425 (1977).

The chancellor was correct in disallowing the asserted lien.

Affirmed.

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and HOWARD, JJ.