## KATTERJOHN CONCRETE PRODUCTS, INC.
### et al *v.* Truman L. COFFMAN et al

78-125                                     573 S.W. 2d 306

Opinion delivered November 6, 1978
(Division I)
[Rehearing denied December 18, 1978.]

*W. P. Hamilton, Beresford L. Church, Jr., Boyce E. Hawk, Paul Stanfield,* and *Robert M. Gannaway,* for appellants.

*Owens, McHaney & McHaney,* by: *John C. Calhoun, Jr.,* for appellees.

FRANK HOLT, Justice. The appellants brought actions to foreclose materialmen's liens and appellee Worthen sought to foreclose its mortgage liens. The actions were consolidated for trial. The issue is the priority of liens. The chancellor held that the mortgage liens were prior to the materialmen's liens. The facts are stipulated. Appellee Coffman and his wife executed a note and mortgage on a lot to appellee Worthen Bank. The mortgage was filed for record. However, it was approximately two weeks later before Coffman acquired title from the owner of the property by warranty deed which was duly recorded. During this two weeks, appellant International Paper Company made delivery of materials to the lot site. The same sequence of events occurred during a period of approximately one month with reference to another lot. During this interval, between the giving of a mortgage and deed, appellant Katterjohn Concrete Products, Inc., made delivery of materials to that lot site. The chancellor found the sequence as to both lots to be (a) mortgage recorded, (b) construction commenced, and (d) deed recorded; Coffman, the mortgagor, had no title at the time he gave the mortgage lien; the liens of the materialmen attached after the recordation of the mortgage and before the acquisition of title by Coffman. The chancellor then held that by applying the doctrine of "After Acquired Title," Ark. Stat. Ann. § 50-404 (Repl. 1971), Coffman's subsequently acquired titles related back to the time of the recordation of his mortgages and thus rendered them superior to the intervening liens of appellants. Appellants contend that the court erred in applying the doctrine of "After Acquired Title" to validate the mortgage. It is argued that there is no relation back. Appellants insist that the lien of Worthen's mortgage attached to the property when it was already burdened by their liens which existed at the time Coffman acquired title. In other words, the

mortgage liens attached only when Coffman acquired title which was after the time that appellants' materialmen's liens had attached to the properties.

We rest our decision on the basis that neither Coffman nor Worthen was the owner of these lots when the transactions with appellants occurred. It is clear that a materialman's lien against property cannot exist unless the lien claimants had a valid contract with the property owner or his agent. *Hawkins* v. *Faubel,* 182 Ark. 304, 31 S.W. 2d 401 (1930); *Sebastian Bldg. & Loan Assn.* v. *Minten,* 181 Ark. 700, 27 S.W. 2d 1011 (1930). Here there is no evidence to meet this requirement. It does not appear that either appellee Coffman or appellee Worthen (which furnished construction money) had any title or interest in the properties at the time appellants' liens allegedly attached to the property.

Affirmed.

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and HOWARD, JJ.