Melvyn L. BELL and the Clary Companies, Inc. *v.*
APACHE SUPPLY COMPANY, d/b/a Moore Supply
Company, Inc.

89-219 780 S.W.2d 529

Supreme Court of Arkansas
Opinion delivered December 4, 1989

*Catlett, Stubblefield, Bonds & Fleming*, by: *Barbara P. Bonds*, for appellants.

*Jack, Lyon & Jones, P.A.*, by: *John W. Fink*, for appellee.

DARRELL HICKMAN, Justice. The question in this case is whether a tenant is the agent of the owner of real property for the purpose of receiving notice that a materialman's lien will be asserted. The trial court held in this case that notice was properly given by the lien claimant to the tenant as agent of the owner. We reverse and remand.

The facts are undisputed. The appellants are owners of Little Rock city lots and a building which was leased to J. M. Mulligan's Grille in 1987. The lease was executed on behalf of Mulligan's by Michael Chandlar, its president. The lease provided that the tenant should purchase and install various items for the improvement of the building's interior. The appellants provided the tenant with an interior finish and acquisition allowance of $420,000 to be advanced on a monthly basis.

In the course of making these improvements, Chandlar contracted with A & D Design, a general contractor. A & D

subcontracted the plumbing work to Ernie Loftis who, in turn, purchased materials from the appellee in the amount of $6,232.51. The appellee was never paid. On December 16, 1987, the appellee filed notice that it would claim a lien not only on the improvements, but also on the lots and the building. The notice was directed to Michael Chandlar. No notice was served on the appellants.

On July 1, 1988, the appellee filed suit seeking judgment against Ernie Loftis in the amount of $6,232.51. The complaint requested that, if the amount remained unpaid, the appellee be allowed to enforce its lien against the premises. The appellants filed a motion to dismiss and a motion for summary judgment, claiming that Chandlar was not the agent of the owners for the purpose of receiving notice of intent to file a lien and therefore the lien was not enforceable. The trial court denied the motions and ultimately awarded the judgment against Loftis and granted the appellee a lien on the property.

In denying the motions, the judge relied on the case of *Whitcomb* v. *Gans*, 90 Ark. 469, 119 S.W. 676 (1909). Indeed the facts of *Gans* are somewhat similar to those in this case. The landlord leased a house to Mrs. Dunklin and their agreement required Mrs. Dunklin to make improvements on the house. The landlord would then reimburse her for these improvements in monthly payments. Mrs. Dunklin purchased lumber from Whitcomb and did not pay for it. Whitcomb asserted a lien against the house and property. The question on appeal was whether a materialman who had supplied materials to a tenant could assert a lien against a landlord's fee simple interest. We said the following:

> Where a tenant contracts with his landlord to build or repair buildings for compensation to be made by the landlord . . . the tenant is the landlord's agent, building or repairing for him at his ultimate cost, and the fee is liable to the lien. . . .

It is clear under *Gans* that the landowner's property in this case was subject to a lien. But the question we must answer is whether the landowners received proper notice of the lien. A claimant is not entitled to a lien if proper notice is not given. *Hirsch* v. *Farris*, 174 Ark. 1040, 298 S.W. 487 (1927).

Ark. Code Ann. § 18-44-114(a) (1987) provides as follows:

> Every person, except the original contractor, who may wish to avail himself of the benefit of the provisions of this subchapter shall give ten (10) days' notice before the filing of the lien, as required by § 18-44-117(a), to the owner, owners, or agent, or either of them, that he holds a claim against the building or improvement, setting forth the amount and from whom it is due.

 Materialmen's liens are creatures of the statutes creating them and must be perfected and enforced according to statutory provisions. *Ashdown Hardware Co.* v. *Hughes*, 223 Ark. 541, 267 S.W.2d 294 (1954). The notice provision in the statute is for the benefit and protection of the owner. *Ellis* v. *Fayetteville Lumber & Cement Co.*, 195 Ark. 385, 112 S.W.2d 613 (1938). In *Shannon Supply Co.* v. *Avey*, 240 Ark. 997, 403 S.W.2d 87 (1966), we addressed the question of what constitutes an agent under § 18-44-114(a):

> An agent to whom notice must be given, under the statute, must be such agent as the owner has expressly vested with authority to receive such notice, or referred to as the one to whom such notice might be given, or be an agent of general authority, in such management or directing situation with reference to the construction of the building as would constitute him the alter ego of the owner.

We have also said that the agent must be such agent as would be required to report the notice to his principal. *Ellis, supra.*

 A person can be an agent for one purpose, but not for another. In *Shannon Supply* v. *Avey, supra*, a contractor built a home for the Aveys, who were owners of a furniture store. Shannon supplied materials to the contractor and was not paid. Shannon attempted to assert a lien and filed notice of its intention to do so. Since the Aveys were out of state, Shannon served the notice on Mr. Avey's brother-in-law, who had been left in charge of the furniture store. We found the brother-in-law's agency was not of such a nature as to bind the Aveys when he was served with notice. Similarly, in this case, the fact that the tenant was the owners' agent for the purpose of procuring materials does not reasonably mean he was an agent for the purpose of receiving

notice.

It is also noteworthy that the lease contract in this case contained the following provision:

> Nothing herein contained shall be deemed or construed by the parties hereto, nor any third party, as creating the relationship of principal and agent or of partnership or of joint venture between the parties hereto, it being understood and agreed that neither the method of computation of the rent, nor any other provision contained herein, nor any acts of the parties hereto, shall be deemed to create any relationship between the parties hereto other than the relationship of landlord and tenant.

When the law is applied to the facts in this case, we see that (1) the notice requirement is for the benefit and protection of the owner, (2) the tenant had no express or apparent authority for the purpose of receiving notice, (3) nothing in the relationship between the landlords and tenant would lead to the tenant being considered the alter ego of the owners, and (4) there was no requirement that the tenant report any notice to the owners.

We conclude that the court should not have found that the tenant was the agent for the purpose of receiving notice of an intention to file a lien against the landowners' property.

Reversed and remanded.