The ARKANSAS DEPARTMENT OF HUMAN
SERVICES *v.* Shirley Palmer SPEARS

92-626                                    841 S.W.2d 624

Supreme Court of Arkansas
Opinion delivered November 16, 1992

*Tami Harlan*, for appellant Department of Human Services.

*Jeanette Whatley*, Central Arkansas Legal Services, for appellee.

STEELE HAYS, Justice. The Arkansas Department of Human Services (DHS) sought reimbursement from Shirley Palmer Spears for the purported overpayment of food stamps issued to Dorletha Berry. The trial court dismissed DHS's claim with prejudice and determined that Ms. Spears was not liable for the debt because she did not eat at least fifty percent (50%) of her meals in Ms. Berry's house. On appeal, DHS contends that the trial court's determination that Ms. Spears was required to have fifty percent of her meals in the Berry household to be considered a household member was clearly erroneous. We find no merit in appellant's argument and affirm.

The Dorletha Berry household received food stamps during 1985 and 1986. It was later learned that Ms. Berry had incorrectly reported her household composition on her application. As a result, $1,498.00 in excess food stamp benefits were paid. Ms. Berry made no payments on this account before her death on March 25, 1988.

Shirley Palmer Spears, appellee, was an adult daughter of Ms. Berry who temporarily lived with her mother during some of the period of time when the overissuance occurred. On December 11, 1989, Ms. Spears informed DHS of Ms. Berry's death. DHS later determined that Ms. Spears was also a member of the Berry household and, as such, was jointly and severally liable for the repayment of the debt as provided in 7 C.F.R. § 273.18(a)(1992).

When DHS determined that Ms. Spears was only a household member from November 1985 through January 1986 and September and October 1986, the claim was reduced to $708.00. Ms. Spears refused to reimburse DHS.

DHS filed a complaint in the Municipal Court of North Little Rock. A trial was held and judgment was entered in favor of Ms. Spears. DHS then appealed to the Circuit Court of Pulaski County. Following a trial, the court determined that Ms. Spears was not liable for the debt because the evidence did not show that she had eaten fifty percent of her meals in her mother's house. DHS's claim was dismissed with prejudice. It is from this order that DHS brings this appeal.

The sole argument on appeal is that Ms. Spears qualifies as an adult household member and is responsible for her mother's indebtedness. DHS contends it is entitled to judgment against Ms. Spears even if she did not eat fifty percent of her meals in the Berry household.

■■ This case involves the interpretation of several provisions of the Food Stamp Act of 1964 as amended, 7 U.S.C.S. §§ 2011-2030 (1985 & Supp. 1992). Under the food stamp program, eligibility is determined and benefits are allocated per household rather than per individual. A household is defined in 7 C.F.R. § 273.1(iii)(1992) as "a group of individuals who live together and customarily purchase and prepare meals for home consumption." 7 U.S.C.S. § 2012 (i)(3), provides that "parents

and children, or siblings, who live together shall be treated as a group of individuals who customarily purchase and prepare meals together for home consumption even if they do not do so."

The Food Stamp Certification Manual, promulgated by the Food and Nutrition Service and issued to each state agency, describes in greater detail the criteria for determining household composition. Food Stamp Certification Manual, § 1600, reads as follows:

> A food stamp household is normally composed of an individual living alone or a group of individuals who *live together* and who customarily *purchase* food and *prepare* meals together. To "customarily purchase and prepare together" means that the household purchases food and prepares meals for home consumption as one unit *more* than 50% of the time. [Emphasis in original.]

Food Stamp Certification Manual, § 1630, states:

> This includes individuals whose work schedules allow them to be in the home only for short periods of time but who consider the home their primary residence and who are responsible household members. A responsible household member is a member such as a spouse who helps the household meet part or all of its expenses. Traveling salesmen, truck drivers, railroad employees, and offshore oil workers meet this criteria if these workers do not return to the home each night or even on a regular weekly or bi-weekly basis. Even though such individuals may be out of the home a majority of the time, they are considered household members. The work schedule and *not* the profession will establish these individuals as household members.

Under the food stamp program, benefits which exceed the household entitlement must be repaid by the household members. 7 C.F.R. § 273.18(a) states, "All adult household members shall be jointly and severally liable for the value of any overissuance of benefits to the household."

DHS cites *Robinson* v. *Black*, 869 F.2d 202 (1989) for the proposition that there is a presumption that Ms. Spears was a household member. However, *Robinson* is inapplicable because it

involved criteria for eligibility for food stamp benefits, which is not at issue in this case. Also, the Court held that all the circumstances surrounding living situations can be considered.

When a case is tried by a circuit court sitting without a jury, our inquiry on appeal is not whether there is substantial evidence to support the factual findings of the court, but whether the findings are clearly erroneous. *City of Pocahontas* v. *Huddleston*, 309 Ark. 353, 831 S.W.2d 138 (1992). Under the circumstances of this case, the trial court's decision was not clearly erroneous.

Specifically, we do not believe the evidence established that Ms. Spears qualifies as an adult household member. She testified she moved in temporarily during a divorce and when she was recuperating from surgery for approximately a five month period. During this time, she had income of her own which she used to buy her own food and pay her own bills. She also testified that she ate less than fifty percent of her meals in her mother's home because she was a railroad employee and was frequently gone overnight. In addition, Ms. Spears testified the Berry household was not her primary residence.

Because Ms. Spears was not a member of the household, she is not liable for the debt of Dorletha Berry. Ms. Spears testified she was not aware that her mother ever listed her as a household member. Also, there was no evidence that Ms. Spears participated in the fraudulent acts of her mother or benefitted in any way from the overissuance of food stamps. Therefore, the trial court was not incorrect in refusing to hold her responsible for the collection of the debt owed by Dorletha Berry, and we affirm its decision.