BOOKS-A-MILLION, INC.;
United States Fidelity and Guaranty Company;
and Cockerham Construction Company *v.*
ARKANSAS PAINTING and SPECIALTIES COMPANY

99-1071                                    10 S.W.3d 857

Supreme Court of Arkansas
Opinion delivered February 24, 2000

*Eichenbaum, Liles & Heister, P.A.*, by: *Peter B. Heister*; and *Slagle & Gist*, by: *Richard L. Slagle*, for appellants.

*Kemp, Duckett, Spradley, Curry & Arnold*, by: *James M. Duckett*, for appellee.

LAVENSKI R. SMITH, Justice. Appellants, Books-A-Million, Inc. ("Books"), United States Fidelity and Guaranty Company ("USF&G") and Robert P. Cockerham d/b/a Cockerham Construction Company ("Cockerham"), appeal a judgment of the White County Circuit Court awarding damages, prejudgment interest, costs, and attorney's fees to Arkansas Painting and Specialties Company ("Arkansas Painting"). The judgment followed the court's finding that Arkansas Painting had created a valid lien against the subject real property in compliance with Ark. Code Ann. §§ 18-44-101—18-44-508. The Circuit Court ordered the judgment paid from USF&G's lien release bond filed with the Clerk of the Court. Appellants contend that the trial court erred in enforcing the lien because the appellee did not comply with the statutory notice requirements under Ark. Code Ann. § 18-44-115 (Supp.1999). We agree and reverse.

*Facts*

In 1996, Books renovated its retail store in Searcy. Cockerham, apparently acting as general contractor, contracted with Arkansas Painting for painting, sheetrock, and wallpapering work. Books leased the premises from Stewart Development Company and S-P Properties, of Huntington Beach, California. On December 4, 1996, Arkansas Painting completed its last day of work on the Books job. Cockerham did not pay for the services and materials.

Arkansas Painting sent letters to Books and Cockerham on February 12, 1997, requesting payment and warning that if payment was not received in ten days that lien proceedings would commence. On March 14, 1997, Arkansas Painting sent Lien Notices to the owners and Cockerham, but not to Books. On March 28, 1997, Arkansas Painting filed the lien pursuant to Ark. Code Ann. § 18-44-101 (Supp. 1999), seeking payment of its contract price, fees, and costs. On April 3, 1997, Arkansas Painting sent Notice of Filing of Lien to the owners and to Cockerham, but not to Books. USF&G became involved by providing a bond to obtain release of the lien on behalf of Books, as provided under Ark. Code Ann. § 18-44-118, on June 9, 1997. On August 1, 1997, Arkansas Painting filed the instant action.

Following discovery, Books and USF&G filed a Motion for Summary Judgment on March 5, 1998, asserting one issue — failure to give adequate notice to perfect the lien. At the hearing on the motion, the trial court disposed of the case on agreed facts and determined that adequate notice was given. The court issued Findings of Law and Fact wherein it found the notice adequate and the lien therefore valid.

### Standard for Review

The court tried the case below on agreed facts. When a case is tried by a circuit court sitting without a jury, our inquiry on appeal is not whether there is substantial evidence to support the factual findings of the court, but whether the findings are clearly erroneous, or clearly against the preponderance of the evidence. *Springdale Winnelson Co. v. Rakes*, 337 Ark. 154, 987 S.W.2d 690 (1999); *Arkansas Dep't of Human Servs. v. Spears*, 311 Ark. 96, 841 S.W.2d 624 (1992). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. *Wade v. Arkansas Dep't Of Human Servs.*, 337 Ark. 353, 990 S.W.2d 509 (1999). In reviewing the findings of fact by a trial court, we consider the evidence and all reasonable inferences therefrom in a light most favorable to the appellee. *Jernigan v. Cash*, 298 Ark. 347, 767 S.W.2d 517 (1989); *Womack v. Foster*, 340 Ark. 124, 8 S.W.3d 854 (2000).

## Statutes in Derogation of the Common Law

■ The crucial issue before us is the construction to be given Arkansas lien statutes. In particular, whether the notice provisions of Ark. Code Ann. § 18-44-115 are to be strictly construed, thus requiring strict compliance, or whether they can be satisfied by substantial compliance. We hold that strict compliance is necessary. Any statute in derogation of the common law will be strictly construed. Although the General Assembly has the power to alter the common law, a legislative act will not be construed as overruling a principle of common law unless it is made plain by the act that such a change in the established law is intended. *Hartford Ins. Co. v. Mullinax*, 336 Ark. 335, 984 S.W.2d 812 (1999).

■ ■ It has long been held that mechanic's liens are in derogation of the common law. The materialmen's lien and the construction money mortgage lien are in derogation of common law. Both are creatures of the legislature. The legislature is presumed to know the decisions of the supreme court, and it will not be presumed in construing a statute that the legislature intended to require the court to pass again upon a subject where its intent is not expressed in unmistakable language. *Rhodes v. Cannon*, 112 Ark. 6, 164 S.W. 752 (1914); *Spickes Bros. Paint Cont. v. Worthen Bank & Trust Co.*, 299 Ark. 79, 771 S.W.2d 258 (1989). In *Valley Metal Works, Inc. v. A.O. Smith-Inland*, 264 Ark. 341, 572 S.W.2d 138 (1978), we stated, "Our lien statutes are in derogation of the common law and we construe them strictly since they provide an extraordinary remedy that is not available to every merchant or worker." *See also, Christy v. Nabholz Supply Co.*, 261 Ark. 127, 546 S.W.2d 425 (1977); *Dews v. Halliburton Indus., Inc.*, 288 Ark. 532, 708 S.W.2d 67(1986); *National Lumber Co. v. Advance Development Corp.*, 293 Ark. 1, 732 S.W.2d 840 (1987); *Gray v. Nations*, 1 Ark. 557 (1839).

■ The notice requirements are for the benefit and protection of the owner. *Bell v. Apache Supply Co.*, 300 Ark. 494, 780 S.W.2d 529 (1989); *Ellis v. Fayettville Lumber & Cement Co.*, 195 Ark. 385, 112 S.W.2d 613 (1938). Specifically, Ark. Code Ann. § 18-44-114 and § 18-44-115 provide two separate notice provisions. Section 18-44-114 provides:

18-44-114. Notice and service generally.

(a)(1)(A) Every person, except the original contractor, who may wish to avail himself of the benefit of the provisions of this subchapter shall give ten (10) days' notice before the filing of the lien, as required in § 18-44-117(a), to the owner, owners, or agent, or either of them, that he holds a claim against the building or improvement, setting forth the amount and from whom it is due.

This section requires that notice be given within at least ten days of an intention to file a lien. However, before the lien is actually filed, the next section, Ark. Code Ann. § 18-44-115, requires an additional, more specific notice be sent to the owner of the property prior to filing not more than seventy-five days after the completion of the work. It provides in pertinent part:

18-44-115. Notice to owner by contractor.

\*\*\*\*

(e)(1)(A) The General Assembly hereby finds that owners and developers of commercial real estate are generally knowledgeable and sophisticated in construction law, are aware that unpaid suppliers of labor and material are entitled to assert liens against the real estate if unpaid, and know how to protect themselves against the imposition of mechanics' and material suppliers' liens.

(B) The General Assembly further finds that consumers who construct or improve residential real estate containing four (4) or fewer units generally do not possess the same level of knowledge and awareness and need to be informed of their rights and responsibilities.

(C) Because supplying the notice specified in subsection (c) of this section imposes a substantial burden on material suppliers, the notice requirement mandated under subsection (b) of this section as a condition precedent to the imposition of a material supplier's lien shall only apply to construction of or improvement to residential real estate containing four (4) or fewer units.

(2)(A) No material supplier or laborer shall be entitled to a lien unless the material supplier or laborer notifies the owner of the commercial real estate being improved, in writing, that such material supplier or laborer is currently entitled to payment, but has not been paid.

(B) This notice shall be sent to the owner and to the contractor by registered mail, return receipt requested, before seventy-five

(75) days have elapsed from the time that the labor was supplied or the material furnished.

(C) Such notice shall contain the following information:

(i) A general description of the labor, service, or material furnished, and the amount due and unpaid;

(ii) The name and address of the person furnishing the labor, service, or materials;

(iii) The name of the person who contracted for purchase of the labor, service, or materials;

(iv) A description of the job site sufficient for identification; and

(v) The following statement set out in boldface type:

"NOTICE TO PROPERTY OWNER

IF BILLS FOR LABOR, SERVICES, OR MATERIALS USED TO CONSTRUCT AN IMPROVEMENT TO REAL ESTATE ARE NOT PAID IN FULL, A CONSTRUCTION LIEN MAY BE PLACED AGAINST THE PROPERTY. THIS COULD RESULT IN THE LOSS, THROUGH FORECLOSURE PROCEEDINGS, OF ALL OR PART OF YOUR REAL ESTATE BEING IMPROVED. THIS MAY OCCUR EVEN THOUGH YOU HAVE PAID YOUR CONTRACTOR IN FULL. YOU MAY WISH TO PROTECT YOURSELF AGAINST THIS CONSEQUENCE BY PAYING THE ABOVE NAMED PROVIDER OF LABOR, SERVICES, OR MATER-IALS DIRECTLY, OR MAKING YOUR CHECK PAYABLE TO THE ABOVE NAMED PROVIDER AND CONTRAC-TOR JOINTLY."

(3) Any contractor who fails to give the notice required by this subsection shall be guilty of a misdemeanor and shall be punished by a fine not exceeding one thousand dollars ($1,000).

■ The notice provisions contained in these statutes must be complied with strictly. *National Lumber Co., supra.* Applying these provisions to the facts of the instant case, we hold that Arkansas Painting did not send the notice required by § 18-44-115 within the time and in the manner specified by the statute. The facts reflect that Arkansas Painting sent letters on February 12, 1997, which, although they referenced the obligation, did not meet the statutory

requirements. On March 14, 1997, Arkansas Painting sent notices containing the statutory language but the notice was sent beyond the seventy-fifth day following completion of the work.

*Attorneys' Fees and Costs*

Because we hold the lien to not have been validly created, there is no need to address the appellee's entitlement to fees and costs under Ark. Code Ann.§ 18-44-128.

Reversed and remanded.