SLIP OPINION

Cite as 2015 Ark. App. 209

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-14-748

| | |
|---|---|
| FLORIDA OIL INVESTMENT GROUP, LLC<br><br>APPELLANT<br><br>V.<br><br><br>GOODWIN & GOODWIN, INC.<br>APPELLEE | **Opinion Delivered** April 1, 2015<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT<br>[NO. CV-2013-251 (VI)]<br><br>HONORABLE JAMES O. COX, JUDGE<br><br>REVERSED AND REMANDED |

### RITA W. GRUBER, Judge

Florida Oil Investment Group, LLC, appeals from a judgment of the Sebastian County Circuit Court after a bench trial foreclosing the materialmen's lien of Goodwin & Goodwin, Inc., on property owned by Florida Oil. Appellant contends that the circuit court erred in finding appellee's lien valid and enforceable, arguing that appellee failed (1) to name the necessary parties; (2) to establish that it entered into a contract for labor and materials with an owner of the property at the time the labor and materials were provided; and (3) to strictly comply with the statutory requirements by properly identifying to whom the debt was owed and by adequately describing the labor and materials provided. Appellant also contends that the court erred in allowing appellee to include overhead and profits. Finally, appellant argues that the court erred in awarding attorney's fees to appellee. Because we hold that Goodwin & Goodwin did not enter into a contract either with the owner of the property or with a

person or entity that had an interest in the property at the time it supplied materials and as required by Ark. Code Ann. § 18-44-101 (Repl. 2003), we reverse the circuit court's judgment foreclosing the alleged lien. We also reverse the award of attorney's fees, which were awarded pursuant to Ark. Code Ann. § 18-44-128 (Supp. 2013).

The facts in this case are complicated due to all of the entities involved. The facts that are relevant to the arguments before us are as follows. Bryan Goodwin, appellee's owner and president, testified that David Northcutt approached him sometime in 2011 while Mr. Goodwin was working on another job and asked if he would be interested in working for him on some property in Sebastian County, which we refer to herein as the Fort Chaffee site. Mr. Northcutt told Mr. Goodwin that Fort Smith Petro Environmental, LLC ("FSP") was building a refinery on the property. Mr. Goodwin testified that he thought Mr. Northcutt was a "partner" in FSP and that FSP was the owner or had an ownership interest in the Fort Chaffee site. Mr. Goodwin testified that he did not have a contract with any entity and was involved only with Mr. Northcutt, as FSP's representative; that he was a general contractor; and that he initially agreed to install utilities at the Fort Chaffee site. He testified that he began working at the site in August 2011 and that Mr. Northcutt continued to expand the scope of his work to include roofing, putting up sheet rock, landscaping, plumbing, and laying concrete. He said that Mr. Northcutt never asked him for an estimate of expenses and that he never provided one. Mr. Northcutt, for FSP, periodically paid invoices submitted by appellee. Mr. Goodwin acknowledged that the invoices included overhead of seven percent and a profit margin of ten percent. Appellee continued to work on the property until

November 18, 2011, when it submitted a final invoice.

Mr. Goodwin admitted that he never contacted the Secretary of State to determine whether Mr. Northcutt had the authority to represent FSP, never "pulled the permits" on the project, and generally just relied on "the good ole boy relationship" in his dealings. He did not learn until he had finished the project that FSP did not actually own the property, which he discovered was owned by the Fort Chaffee Redevelopment Authority ("FCRA"), an Arkansas public trust.

Appellee filed a materialmen's lien on February 23, 2012, on the Fort Chaffee site, alleging that appellee had sold and delivered to FSP labor and materials and that the amount due and unpaid was $40,000. Appellee served the notice of intent to file lien on the executive director of FCRA and on David Northcutt, as agent for FSP. On March 1, 2013, when the $40,000 debt remained unpaid, appellee filed a complaint to foreclose its lien against appellant, who had purchased the property from FCRA on May 17, 2012.

Appellant filed a motion to dismiss, which the circuit court denied, and then answered, pleading various defenses including appellee's failure to properly and timely serve the requisite notices of lien; failure to perfect a valid lien; and failure to join a necessary party. Appellant also contended at trial that the lien could not include overhead and lost profit, which appellee had included in its invoices.

The evidence and testimony at trial established that the Fort Chaffee site was owned by FCRA during the time that appellee constructed the improvements on the property. FCRA entered into a lease agreement with Petro Gold Environmental, LLC, for a term

beginning August 1, 2011, and ending July 31, 2016, for $1500 per month. The lease allowed Petro Gold to construct structures and improvements on the property if it obtained the written consent of FCRA's design review committee. The lease forbade Petro Gold from assigning, subletting, or otherwise encumbering its interest in the premises or its rights under the lease without the prior written consent of FCRA. Finally, the lease gave Petro Gold the right of first refusal on any offer to purchase the property during the term of the lease. The address for Petro Gold was in Oklahoma City, and the lease was signed by Lyn Anglin as managing member of Petro Gold. The record contains no other documentation regarding Petro Gold's organization, members, or owners. A defense exhibit lists Petro Gold as an applicant for a building permit on the property dated September 9, 2011, which was signed by David Northcutt for Petro Gold. But there was no testimony or documentation explaining if or how Petro Gold was related to either appellant or FSP.

Dr. Ashish Sanon testified that he was the managing member of appellant, which purchased the property from FCRA on May 17, 2012. Dr. Sanon explained that appellant was the managing member of Scientific Hydrocarbon Environmental Management, LLC (SHEM), and that SHEM was a managing member of FSP. He explained that David Northcutt was an employee of SHEM and had no ownership interest in FSP. The Articles of Organization of FSP, filed with the Arkansas Secretary of State on August 4, 2011, vested management of FSP in Mr. Northcutt, Mr. Anglin, and Dr. Sanon. Dr. Sanon said that Mr. Northcutt and Mr. Anglin were owners of a company that owned 30% of SHEM at the time appellee worked on the property and that, as employees of SHEM, they were responsible for building the plant

at the Fort Chaffee site.

On May 13, 2014, the circuit court entered a judgment finding that appellee was entitled to foreclose its materialmen's lien in the amount of $40,125 against the Fort Chaffee site.[1] In support of its judgment, the circuit court found that "at the time of [appellee's] providing the materials and labor for the construction of the commercial improvements, Fort Smith Petro Environmental, LLC was the beneficial owner of the property as provided in A.C.A. 18-44-106 pursuant to a *Real Estate Contract (Commercial Property)* dated November 28, 2011, between Fort Chaffee Redevelopment Authority and Fort Smith Petro Environmental, LLC." The court also found that David Northcutt, as executive vice president of FSP, verbally contracted with appellee to provide labor and materials for construction of the improvements on the property and that the last day that appellee provided labor and materials was November 18, 2011. Appellant brought this appeal from the circuit court's judgment.

We review lien-foreclosure cases de novo on appeal. *Hickman v. Kralicek Realty & Constr. Co.*, 84 Ark. App. 61, 65, 129 S.W.3d 317, 320 (2003). We do not reverse a trial court's findings of fact unless they are clearly erroneous. *Cannon Remodeling & Painting, Inc. v. The Marketing Co.*, 79 Ark. App. 432, 435, 90 S.W.3d 5, 7 (2002). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Id.* Because our lien statutes are in derogation of the common law and provide an extraordinary

---

[1]The court found that appellee had incurred an additional $125 expense in abstracting.

remedy that is not available to every merchant or worker, we construe them strictly. *Books-a-Million, Inc. v. Ark. Painting & Specialties Co.*, 340 Ark. 467, 470, 10 S.W.3d 857, 860 (2000).

We turn first to the statute governing who may secure a mechanic's and materialmen's lien on land or buildings in Arkansas, Arkansas Code Annotated section 18-44-101, which provides in pertinent part:

> Every contractor, subcontractor, or material supplier . . . who supplies labor, services, [or] material, . . . in the construction or repair of an improvement to real estate . . . by virtue of a contract with the owner, proprietor, contractor, or subcontractor, or agent thereof, upon complying with the provisions of this subchapter, shall have, to secure payment, a lien upon the improvement and on up to one (1) acre of land upon which the improvement is situated, or to the extent of any number of acres of land upon which work has been done or improvements erected or repaired.

Ark. Code Ann. § 18-44-101(a) (Repl. 2003).

This statute states that one who provides labor or materials "by virtue of a contract with the owner . . . contractor . . . or agent thereof" shall have a lien to secure payment. Our case law makes it abundantly clear that a mere possessor of property—that is, one who holds no present interest—may not charge the property with a statutory lien. *Sebastian Bldg. & Loan Ass'n v. Minten*, 181 Ark. 700, 27 S.W.2d 1011 (1930); *see also Katterjohn Concrete Products, Inc. v. Coffman*, 264 Ark. 503, 573 S.W.2d 306 (1978). A materialmen's lien against property cannot exist unless the lien claimant had a valid contract with the property owner or his agent, *Katterjohn*, *supra*, or with someone who had contracted with the owner at the time the lien attached. *Seyller v. Pierce & Co.*, 306 Ark. 474, 816 S.W.2d 577 (1991).

Here, appellee claimed, and the circuit court found, that it had orally contracted with FSP—who it thought had an ownership interest in the property—to provide labor and

materials at the Fort Chaffee site. Unbeknownst to appellee, however, FCRA, not FSP, owned the property when appellee orally contracted with FSP and during the entire period that appellee provided labor and material on the property.

Furthermore, appellee did not allege or present evidence that FSP acted as the general contractor for FCRA, and it neither alleged nor presented evidence showing that FSP ever entered into a contract with FCRA, until after the work had been completed by appellee. Although appellee did allege in its complaint that FSP was a "subsidiary or related entity" to appellant and acted as appellant's general contractor in the construction of improvements on the property, it offered no evidence of a contract pertaining to this arrangement between FSP and appellant or between appellant and FCRA. Moreover, Mr. Goodwin testified that, when he entered his oral contract and constructed the improvements, he had never heard of appellant. He testified that he was hired by Mr. Northcutt, that his only contact was with Mr. Northcutt, that he believed that Mr. Northcutt represented the "owner," FSP, and that he had no knowledge of any entities related to FSP at the time he provided labor and materials on the project. He did not learn that the property was owned by FCRA until he had already finished the project. And he admitted that he sued appellant only because it was the owner of the property at the time he filed his complaint.

Under section 18-44-101(a), a materialmen's lien cannot exist unless the lien claimant had a valid contract with the owner, contractor, or their agent. FSP was never the owner or contractor, or even a legally occupying tenant. At the time appellee supplied materials and labor, FCRA owned the property, and Petro Gold Environmental, LLC, was the tenant.

Although FSP did enter into a real-estate contract with FCRA to purchase the Fort Chaffee site, that contract was not executed until November 28, 2011, ten days after appellee had concluded its work on the project. FSP never actually purchased the property pursuant to that contract, and, even if we were to consider the contract a legally sufficient interest in the property to charge the property with a lien, the contract was not in force at the time appellee's alleged lien attached to the property. We hold that appellee did not have a materialmen's lien under Ark. Code Ann. § 18-44-101, and we reverse the circuit court's order of foreclosure. Because we hold that appellee's alleged lien is invalid, appellant's additional arguments are moot. Finally, we reverse the circuit court's award of attorney's fees under Ark. Code Ann. § 18-44-128 because appellee was not successful in enforcing its claim.

Reversed and remanded for proceedings consistent with this opinion.

WHITEAKER, J., agrees.

BROWN, J., concurs.

**WAYMOND M. BROWN, Judge, concurring.** I reluctantly concur. It appears in this matter that the circuit court came to a correct outcome. However, when one applies the statute, appellee's lien does not strictly comply with the statute. As he argued, appellee complied with the spirit of the statute; but that is not the standard.

Therefore, I must concur.

*Ledbetter, Cogbill, Arnold & Harrison, LLP*, by: *Ronald D. Harrison* and *Victor L. Crowell*, for appellant.

*Smith, Cohen & Horan, PLC*, by: *Matthew T. Horan*, for appellee.