SLIP OPINION



Cite as 2016 Ark. App. 380

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV–16–68

| | |
|---|---|
| FLORIDA OIL INVESTMENT GROUP, LLC<br><br>APPELLANT<br><br>V.<br><br><br>GOODWIN & GOODWIN, INC.<br>APPELLEE | **Opinion Delivered:** September 7, 2016<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT<br>[NO. CV-2013-251]<br><br>HONORABLE JAMES O. COX, JUDGE<br><br>REVERSED AND REMANDED |

## RITA W. GRUBER, Judge

This is the second appeal by appellant Florida Oil Investment Group, LLC, (Florida Oil) in a lawsuit brought by appellee Goodwin & Goodwin, Inc. (Goodwin), to foreclose a materialmen's lien on property owned by Florida Oil. In the first appeal, Florida Oil appealed the circuit court's order foreclosing the materialmen's lien of Goodwin and awarding attorney's fees to Goodwin. We reversed the circuit court's order—holding that the lien was invalid and, consequently, that attorney's fees were not authorized—and remanded for proceedings consistent with our opinion. *Florida Oil Inv. Grp., LLC v. Goodwin & Goodwin, Inc.*, 2015 Ark. App. 209, 463 S.W.3d 323. On remand, Florida Oil filed a motion for attorney's fees under Arkansas Code Annotated section 18-44-128(b)(Repl. 2015), which the circuit court denied. The sole issue on appeal is whether the circuit court erred in denying the motion. We hold that the circuit court did err in denying Florida Oil's fee request, and



we reverse its order.

For purposes of this appeal, the basic facts are these. Goodwin, a general contractor, performed work that included installing utilities, roofing, plumbing, and landscaping on certain property in Sebastian County referred to herein, and in our previous opinion, as the Fort Chaffee site. At the time the work was done, Fort Chaffee Redevelopment Authority (FCRA) owned the property. When Goodwin had completed the work and had been paid only part of the bill, despite its demand for complete payment, it served a notice of intent to file lien on FCRA—and on the entity for whom it allegedly performed the work.[1] On February 23, 2012, Goodwin filed a lien for the unpaid balance on the Fort Chaffee site. On May 17, 2012, Florida Oil purchased the property from FCRA, and on March 1, 2013, Goodwin filed this lawsuit. The circuit court entered judgment on May 13, 2014, foreclosing the lien against the Fort Chaffee site and awarded attorney's fees to Goodwin under Ark. Code Ann. § 18-44-128(a). We reversed the circuit court's judgment on April 1, 2015.

After we remanded the case to the circuit court, Florida Oil filed a motion for attorney's fees and costs pursuant to Ark. Code Ann. § 18-44-128(b) as the prevailing party in the lawsuit. The relevant statute provides in its entirety as follows:

> (a) When any contractor, subcontractor, laborer, or material supplier who has filed a lien, as provided for in this chapter, gives notice thereof to the owner of property by any method permitted under § 18-44-115(b)(5) and the claim has not been paid within twenty (20) days from the date of service of the notice, and if the contractor, subcontractor, laborer, or material supplier is required to sue for the enforcement of

---

[1] Goodwin had no formal agreement with this entity, and the entity had no interest in the Fort Chaffee site. See *Florida Oil Investment Group*, *supra*, for a further explanation of the underlying facts.

his or her claim, the court shall allow the successful contractor, subcontractor, laborer, or material supplier a reasonable attorney's fee in addition to other relief to which he or she may be entitled.

(b) If *the owner* is the prevailing party in the action, the court shall allow *the owner* a reasonable attorney's fee in addition to any other relief to which the owner may be entitled.

Ark. Code Ann. § 18-44-128 (emphasis added). The "owner" of property under this subchapter includes "the owner of the legal title to property." Ark. Code Ann. § 18-44-106.

The circuit court found that section 128(b) does not authorize "every" owner who is successful in a suit brought to enforce a materialmen's lien on its property to recover attorney's fees. Rather, the circuit court determined that section 128(b) refers only to those owners who received notice of intent to file lien before it was actually filed. Thus, according to the circuit court, since Florida Oil was not notified of the intent to file lien because it did not own the property at that time, Florida Oil is not an owner that can recover attorney's fees under section 128(b). The court found this in spite of the fact that Florida Oil was the owner of legal title to the property at the time the lawsuit was filed, was the only defendant named in the lawsuit, and was the "prevailing party" in the lawsuit. The circuit court reasoned that an owner of property who purchases after a lien has been filed is on notice of the lien and thus "presumably" incorporates the risk of a lawsuit into its purchase price for the property.[2]

The issue before this court is whether the circuit court properly construed section

---

[2]Although Florida Oil did not request fees pursuant to Ark. Code Ann. § 16-22-308 (Repl. 1999) (as the prevailing party in a breach-of-contract action), the circuit court also found that fees were not recoverable under this statute. Florida Oil argues on appeal that fees are recoverable under either Ark. Code Ann. § 18-44-128 or Ark. Code Ann. § 16-22-308.

128(b). The correct application and interpretation of an Arkansas statute is a question of law, which this court decides de novo. *Cent. Okla. Pipeline, Inc. v. Hawk Field Servs., LLC*, 2012 Ark. 157, at 9, 400 S.W.3d 701, 707. It is for this court to decide what a statute means, and we are not bound by the circuit court's interpretation. *Id*. The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id*. Moreover, we construe lien statutes strictly, as they are in derogation of common law. *Simmons First Bank of Ark. v. Bob Callahan Servs., Inc.*, 340 Ark. 692, 696, 13 S.W.3d 570, 573 (2000). Strict construction means narrow construction and requires that nothing be taken as intended that is not clearly expressed. *Id*.

This court does not incorporate its view on public policy when it interprets a statute: those decisions are for the legislature when it enacts a statute. The myriad risks assumed by those involved in property-acquisition negotiations are also beyond the scope of this opinion. The sole issue before us is whether section 128(b) authorizes Florida Oil to recover attorney's fees in this case. We hold that it does. In no uncertain terms, the statute provides, "If the owner is the prevailing party in the action, the court shall allow the owner a reasonable attorney's fee[.]" The statute does not limit recovery to those owners who received notice of the intent to file lien, to those who owned at the time the lien was filed, or to those who owned the property before the lawsuit was filed. It applies to an "owner" who is a "prevailing party." We must construe the statute strictly, taking nothing as intended that is not clearly expressed. *Simmons First Bank of Ark.*, 340 Ark. at 696, 13 S.W.3d at 573. Florida Oil is and has been the owner of the legal title to the Fort Chaffee site since the lawsuit was initiated.

*See* Ark. Code Ann. § 18-44-106. There is no dispute that Florida Oil is the prevailing party. Thus, the court "shall allow" Florida Oil a reasonable attorney's fee under section 128(b).[3] Given our holding that Florida Oil is entitled to attorney's fees under Ark. Code Ann. § 18-44-128, it is unnecessary to address its argument under Ark. Code Ann. § 16-22-308.

Accordingly, we reverse and remand for the circuit court to enter a judgment consistent with this opinion.

Reversed and remanded.

ABRAMSON and VIRDEN, JJ., agree.

*Ledbetter, Cogbill, Arnold & Harrison, LLP*, by: *Ronald D. Harrison* and *Victor L. Crowell*, for appellant.

*Smith, Cohen & Horan, PLC*, by: *Matthew T. Horan*, for appellee.

---

[3]We direct the circuit court to our supreme court's decision in *Chrisco v. Sun Indus.*, 304 Ark. 227, 800 S.W.2d 717 (1990), for guidance in determining a reasonable attorney's fee.