James BRYANT *v.* JIM ATKINSON TILE

CA 07-374                                                      269 S.W.3d 383

Court of Appeals of Arkansas
Opinion delivered December 5, 2007

*Joe O'Bryan*, for appellant.

*Jim Atkinson*, for appellee.

SARAH HEFFLEY, Judge. James Bryant appeals from the judgment of the Circuit Court of Lonoke County granting Atkinson Tile a materialman's lien on Bryant's property. This case presents two questions: first, must notice be provided to the property owner under Ark. Code Ann. § 18-44-115 (Supp. 2007) before a subcontractor may obtain a valid lien on the property and, second, if the answer to that question is yes, when must notice be provided? We

hold that, in order for a subcontractor to acquire a lien on residential real property pursuant to Ark. Code Ann. § 18-44-101 (Repl. 2003), notice must be provided under Ark. Code Ann. § 18-44-115 (Supp. 2007) "prior to the supplying of any materials or fixtures." Because no such notice was provided in this case, we reverse that part of the circuit court's judgment finding that Atkinson Tile acquired a lien on the Bryants' property.

Mr. and Mrs. Bryant entered into a contract with Craig Williams, d/b/a The Craig Williams Company (hereinafter, "Williams"), to build their home in Lonoke. Williams hired Jim Atkinson Tile to install tile and countertops in the Bryants' home. Mr. Atkinson's work was substantially completed on March 19, 2005. On May 19, 2005, Mr. Atkinson mailed to Mr. Bryant an invoice reflecting a $5,999.26 balance due on the work and a notice of intent to file a lien on the Bryants' property if payment was not received. On February 6, 2006, Jim Atkinson Tile filed a complaint against Mr. Bryant and Williams requesting judgment against them, jointly and severally, in the amount of $5,999.26. Mr. Bryant filed an answer and cross-claim against Williams, requesting judgment against Williams in the amount of $15,391.35 for money advanced by the Bryants for materials required to finish the home and for money loaned to Williams pursuant to a promissory note, on which Williams was in default.

After a hearing, the circuit court denied Jim Atkinson Tile's request for a personal judgment against Mr. Bryant but granted judgment against Williams in the amount of $5,999.26 and held that the judgment was secured by a mechanic's and materialman's lien on Mr. and Mrs. Bryant's home. The circuit court also granted Mr. Bryant's cross-claim in the amount of $15,391.35 against Williams. The court then granted judgment in favor of Mr. Bryant against Williams in the amount of the two liens acquired by subcontractors on his property: $5,999.26 for the Atkinson Tile lien and $10,645.25 for a lien filed by Cadena Contracting, Inc.[1] The circuit court held that Ark. Code Ann. § 18-44-115 did not bar the lien in this case because Atkinson Tile was a subcontractor, not a contractor. Mr. Bryant filed a motion for new trial, which was deemed denied on December 21, 2006.

---

[1] In a separate case, the circuit court granted another subcontractor of Williams, Cadena Contracting, Inc., a lien on the Bryants' property. That case has also been appealed to this court. *See Bryant v. Cadena Contracting, Inc.*, 100 Ark. App. 377, 269 S.W.3d 378 (2007).

The issue before us is whether the circuit court properly construed Arkansas's lien statutes. We review issues of statutory construction de novo. *Hodges v. Huckabee*, 338 Ark. 454, 995 S.W.2d 341 (1999). It has long been held that mechanic's and materialmen's liens are in derogation of common law. *Books-a-Million, Inc. v. Ark. Painting and Specialties Co.*, 340 Ark. 467, 470, 10 S.W.3d 857, 859 (2000). They were created by the legislature, and, because they are in derogation of common law, we construe these lien statutes strictly. *Id.* Atkinson Tile did not enter into a contract with the Bryants but only with Williams. Absent this statutorily created lien, Atkinson Tile has no right to recover anything from the Bryants.

Arkansas Code Annotated section 18-44-101 states that every "contractor, subcontractor, or material supplier . . . who supplies labor, services, material . . . in the construction or repair of an improvement to real estate . . . by virtue of a contract with the owner, proprietor, contractor, or subcontractor, or agent thereof, *upon complying with the provisions of this subchapter,* shall have, to secure payment, a lien upon the improvement and on up to one (1) acre of land upon which the improvement is situated . . .." Ark. Code Ann. § 18-44-101(a) (Repl. 2003) (emphasis added). This subchapter contains two separate notice provisions. *Books-a-Million,* 340 Ark. at 470, 10 S.W.3d at 860. These notice requirements are for the benefit and protection of the owner. *Id.* Both are required in order to acquire a lien under section 101(a).

The first notice provision, found in Ark. Code Ann. § 18-44-114, requires every person "who may wish to avail himself or herself of the benefit of the provisions of this subchapter" to give ten days' notice to the owner before filing the lien that he or she holds a claim, "setting forth the amount and from whom it is due." Ark. Code Ann. § 18-44-114(a) (Supp. 2007). It is undisputed that Atkinson Tile gave this ten-day notice to the Bryants. It is the second notice, required by Ark. Code Ann. § 18-44-115, that was not given in this case. This provision provides in pertinent part as follows:

18-44-115. Notice to owner by contractor

(a)(1) *No lien may be acquired by virtue of this subchapter unless the owner or his or her authorized agent has received,* by personal delivery or by certified mail, *a copy of the notice* set out in subsection (c) of this section.

(2) The notice required by this section shall not require the signature of the owner or his or her authorized agent in an instance when the notice is delivered by certified mail.

(b)(1)(A) *It shall be the duty of the contractor to give the owner or his or her authorized agent the notice* set out in subsection (c) of this section *on behalf of all potential lien claimants* under his or her contract *prior to the supplying of any materials or fixtures.*

(B) Any potential lien claimant may also give notice.

(2) However, no lien may be claimed by any supplier of material or fixtures unless the owner or agent has received at least one (1) copy of the notice, which need not have been given by the particular lien claimant.

(c) The notice set forth in this subsection may be incorporated into the contract or affixed to the contract and shall be conspicuous, worded exactly as stated in all capital letters, and shall read as follows:

"IMPORTANT NOTICE TO OWNER

I UNDERSTAND THAT EACH PERSON SUPPLYING MA-
TERIAL OR FIXTURES IS ENTITLED TO A LIEN
AGAINST PROPERTY IF NOT PAID IN FULL FOR MATE-
RIALS USED TO IMPROVE THE PROPERTY EVEN
THOUGH THE FULL CONTRACT PRICE MAY HAVE
BEEN PAID TO THE CONTRACTOR. I REALIZE THAT
THIS LIEN CAN BE ENFORCED BY THE SALE OF THE
PROPERTY IF NECESSARY. I AM ALSO AWARE THAT
PAYMENT MAY BE WITHHELD TO THE CONTRAC-
TOR IN THE AMOUNT OF THE COST OF ANY MATE-
RIALS OR LABOR NOT PAID FOR. I KNOW THAT IT IS
ADVISABLE TO, AND I MAY, REQUIRE THE CONTRAC-
TOR TO FURNISH TO ME A TRUE AND CORRECT
FULL LIST OF ALL SUPPLIERS UNDER THE CONTRACT,
AND I MAY CHECK WITH THEM TO DETERMINE IF ALL
MATERIALS FURNISHED FOR THE PROPERTY HAVE
BEEN PAID FOR. I MAY ALSO REQUIRE THE CON-
TRACTOR TO PRESENT LIEN WAIVERS BY ALL SUP-
PLIERS, STATING THAT THEY HAVE BEEN PAID IN
FULL FOR SUPPLIES PROVIDED UNDER THE CON-

TRACT, BEFORE I PAY THE CONTRACTOR IN FULL. IF A SUPPLIER HAS NOT BEEN PAID, I MAY PAY THE SUPPLIER AND CONTRACTOR WITH A CHECK MADE PAYABLE TO THEM JOINTLY.

SIGNED: _____

_____

ADDRESS OF PROPERTY

DATE: _____

I HEREBY CERTIFY THAT THE SIGNATURE ABOVE IS THAT OF THE OWNER OR AGENT OF THE OWNER OF THE PROPERTY AT THE ADDRESS SET OUT ABOVE.

_____

CONTRACTOR"

Ark. Code Ann. § 18-44-115 (Supp. 2007) (emphasis added).

There was no dispute that Williams, the contractor in charge of building the Bryants' home, did not provide this notice to the Bryants. Atkinson Tile argued at trial, and the circuit court agreed, that Atkinson Tile, as a subcontractor, was only required to provide the ten-day notice pursuant to Ark. Code Ann. § 18-44-114. The court determined that only the contractor was required to provide the notice in Ark. Code Ann. § 18-44-115 and, therefore, it had nothing to do with this case. We disagree.

Arkansas Code Annotated section 18-44-101 requires a subcontractor to "compl[y] with the provisions of this subchapter" in order to acquire a lien. One of the provisions in the subchapter is Ark. Code Ann. § 18-44-115(a), which states that "[n]o lien may be acquired by virtue of this subchapter unless the owner or his or her authorized agent has received . . . a copy of the notice set out in subsection (c) of this section." This provision puts the burden on the contractor to provide the notice on behalf of all potential lien claimants under the contractor's contract but also allows any potential lien claimant to give notice as well. *See* Ark. Code Ann. § 18-44-115(b)(1). In either case, the notice must be given "prior to the supplying of any materials or fixtures." *Id.* No

materialman's lien arises unless notice under this section is given *before* the materials have been supplied.

The supreme court answered the question before us with regard to the materialman's lien of a subcontractor on commercial real estate in *Books-a-Million, Inc. v. Ark. Painting and Specialties Co.*, *supra.* Arkansas Code Annotated section 18-44-115(e) governs the notice requirements for liens on commercial real estate and requires a notice to be sent by the material supplier or laborer entitled to the lien within seventy-five days from the time that the labor was supplied or the materials were furnished. The court held in *Books-a-Million* that the notice provision must be complied with strictly and that the notice required under Ark. Code Ann. § 18-44-115 was not sent in a timely manner — that is, within seventy-five days of completion of the work. Therefore, the court reversed the trial court's judgment granting a lien on the property to the subcontractor.

We hold that the provisions in Ark. Code Ann. § 18-44-115 governing the notice requirements for liens on residential real estate must also be complied with strictly. In this case, there is no evidence that Mr. Bryant received a notice from either Williams, Atkinson Tile, or any other subcontractor "prior to the supplying of any materials or fixtures." Therefore, no lien was validly created. We reverse and remand the circuit court's determination that the judgment against Williams was secured by a mechanic's and materialman's lien on the Bryant's home. In accordance with this opinion and our opinion issued today in *Bryant v. Cadena Contracting, Inc.*, 100 Ark. App. 377, 269 S.W.3d 378 (2007), we also direct the circuit court to vacate its order granting Mr. Bryant judgment against Williams in the amount of the two liens acquired by subcontractors on his property.

Reversed and remanded.

GLADWIN, J., agrees.

BIRD, J., concurs.

SAM BIRD, Judge, concurring. I concur in the court's decision that, because no notice was provided to appellant as required by Ark. Code Ann. § 18-44-115, Jim Atkinson Tile did not acquire a valid materialman's lien on the Bryant's property. I write separately, however, to express my concern that, if neither the general

contractor nor the first supplier of materials or fixtures on a project provides a valid section-115 notice, the statute appears to make it impossible for any subsequent supplier of materials or fixtures to acquire a materialman's lien, regardless of the subsequent supplier's diligence.

Arkansas Code Annotated section 18-44-115(b)(1)(A) puts the burden for providing the notice on the contractor, but allows "any potential lien claimant" to also give notice, presumably to provide a means by which a potential lien claimant can avail himself of the benefits of the statute where the general contractor has not given the required notice. Ark. Code Ann. § 18-44-115(b)(1)(B). However, the effect of this statute appears to be to foreclose the ability of a subcontractor who supplies materials or fixtures after the commencement of construction on the project to protect himself by providing his own section-115 notice, as this notice would not have been given "prior to the supplying of any materials or fixtures." *See* Ark. Code Ann. § 18-44-115(b)(1)(A). I question whether this was the intent of the legislature when it adopted the section-115 notice requirement in 1979, and I would encourage the General Assembly to clarify the intent of Ark. Code Ann. § 18-44-115(b)(1)(B) to prevent further confusion in this area.