James and Aileen BRYANT  *v.*
CADENA CONTRACTING, INC.

CA 07-376                                    269 S.W.3d 378

Court of Appeals of Arkansas
Opinion delivered December 5, 2007

*Joe O'Bryan*, for appellants.

*Law Office of Odette Woods, PLLC*, by: *Odette B. Woods*, for appellee.

ROBERT J. GLADWIN, Judge. Appellants James and Aileen Bryant appeal from the December 12, 2006 judgment of the Lonoke County Circuit Court, which found that subcontractors are exempt from the statutory notice requirement contained in Ark. Code Ann. § 18-44-115 (Supp. 2007), and ordered a foreclosure on appellants' property in the lien amount. Appellants contend that a subcontractor may not acquire a lien on residential property pursuant to the statute unless the "IMPORTANT NOTICE TO OWNER" mandated by it has been served upon the owner prior to the applica-

tion of the labor or materials to the property. We reverse the trial court's finding of a valid lien against appellants' property.

Appellants filed a complaint in circuit court against appellee Cadena Contracting, Inc., and Craig Williams, d/b/a The Craig Williams Company, seeking to remove a cloud from the title to their property located at 101 Magnolia Circle and described as Lot 9, Block 19, Privett Subdivision, Lonoke, Arkansas. Appellants bought the property from Williams, whom appellants also hired as general contractor to build their house. Appellee counterclaimed and cross-claimed seeking a total of $10,645, which was the amount owed it for the framing work that Williams had subcontracted with appellee to perform. When Williams failed to pay appellee, appellee made a demand for payment from Williams and notified appellants by notice and invoice on January 7, 2005, that money was owed and that appellee had a right to file a lien against the property if payment was not received. Appellee filed a lien in Lonoke County on March 1, 2005, asserting that it furnished labor to appellants, Williams, and The Craig Williams Company at the construction project, that a total of $10,645 was due and owing, and that it had caused notice of the lien to be served.

At trial, appellants sought to remove the lien and argued that Ark. Code Ann. § 18-44-115 requires that notice of the potential lien be given by the subcontractor to the property owner by personal delivery or by certified mail before the work is done, not after it is completed. Appellee claimed that the statute did not require that notice be given before the work is performed, only that the owner receive notice before the lien is obtained. Further, appellee argued that section 115 applies only to contractors, not subcontractors, thus making section 115 inapplicable in this matter. Appellee claimed that Ark. Code Ann. § 18-44-114 (Supp. 2007) is the statute applicable to subcontractors, and that it had complied with the ten-day notice requirement therein contained.

The trial court found that the mechanic's and materialmen's lien statute differentiates between classes of people within the construction industry and defines those terms under Ark. Code Ann. § 18-44-107 (Repl. 2003). The trial court found that appellee was a subcontractor for purposes of the statute, and that, as such, had to comply with Ark. Code Ann. § 18-44-114, which provides that a subcontractor must give ten-days notice before the filing of the lien. The trial court found that appellee complied with

this requirement. Further, the trial court found that Ark. Code Ann. § 18-44-115 only applies to contractors. The trial court, therefore, granted the appellee's motion for directed verdict and denied the appellants' request to remove the cloud from their title. The appellants filed a timely motion for new trial, which was deemed denied when the trial court did not rule. This appeal follows.

We review issues of statutory construction de novo because it is our responsibility to determine what a statute means. *R. N. v. J. M.*, 347 Ark. 203, 61 S.W.3d 149 (2001). While we are not bound by the trial court's ruling, we will accept the trial court's interpretation of a statute unless it is shown that the trial court erred. *Id.* The purpose of statutory interpretation is to give effect to the intent of the General Assembly. *Ford v. Keith*, 338 Ark. 487, 996 S.W.2d 20 (1999). We first seek the legislature's intent by giving the words of the statute their ordinary and usual meaning in common language. *Stephens v. Arkansas Sch. for the Blind*, 341 Ark. 939, 20 S.W.3d 397 (2000). Where the meaning is clear and unambiguous, we do not resort to the rules of statutory interpretation. *Id.*

Appellants claim that the lien asserted by appellee is invalid because the "IMPORTANT NOTICE TO OWNER," as required and contained in Ark. Code Ann. § 18-44-115(c), was not delivered to them by either personal delivery or certified mail until after the framing work had been done. Arkansas Code Annotated section 18-44-115 states in pertinent part as follows:

> (a)(1) No lien may be acquired by virtue of this subchapter unless the owner or his or her authorized agent has received, by personal delivery or by certified mail, a copy of the notice set out in subsection (c) of this section.
>
> . . .
>
> (b)(1)(A) It shall be the duty of the contractor to give the owner or his or her authorized agent the notice set out in subsection (c) of this section on behalf of all potential lien claimants under his or her contract prior to the supplying of any materials or fixtures.
>
> (B) Any potential lien claimant may also give notice.
>
> (2) However, no lien may be claimed by any supplier of material or fixtures unless the owner or agent has received at least one (1) copy

of the notice, which need not have been given by the particular lien claimant.

(c)  The notice set forth in this subsection may be incorporated into the contract or affixed to the contract and shall be conspicuous, worded exactly as stated in all capital letters, and shall read as follows:

"IMPORTANT NOTICE TO OWNER

I UNDERSTAND THAT EACH PERSON SUPPLYING MATERIAL OR FIXTURES IS ENTITLED TO A LIEN AGAINST PROPERTY IF NOT PAID IN FULL FOR MATERIALS USED TO IMPROVE THE PROPERTY EVEN THOUGH THE FULL CONTRACT PRICE MAY HAVE BEEN PAID TO THE CONTRACTOR. I REALIZE THAT THIS LIEN CAN BE ENFORCED BY THE SALE OF THE PROPERTY IF NECESSARY. I AM ALSO AWARE THAT PAYMENT MAY BE WITHHELD TO THE CONTRACTOR IN THE AMOUNT OF THE COST OF ANY MATERIALS OR LABOR NOT PAID FOR. I KNOW THAT IT IS ADVISABLE TO, AND I MAY, REQUIRE THE CONTRACTOR TO FURNISH TO ME A TRUE AND CORRECT FULL LIST OF ALL SUPPLIERS UNDER THE CONTRACT, AND I MAY CHECK WITH THEM TO DETERMINE IF ALL MATERIALS FURNISHED FOR THE PROPERTY HAVE BEEN PAID FOR. I MAY ALSO REQUIRE THE CONTRACTOR TO PRESENT LIEN WAIVERS BY ALL SUPPLIERS, STATING THAT THEY HAVE BEEN PAID IN FULL FOR SUPPLIES PROVIDED UNDER THE CONTRACT, BEFORE I PAY THE CONTRACTOR IN FULL. IF A SUPPLIER HAS NOT BEEN PAID, I MAY PAY THE SUPPLIER AND CONTRACTOR WITH A CHECK MADE PAYABLE TO THEM JOINTLY.

SIGNED:  _____

_____

ADDRESS OF PROPERTY

DATE:  _____

I HEREBY CERTIFY THAT THE SIGNATURE ABOVE IS THAT OF THE OWNER OR AGENT OF THE OWNER OF THE PROPERTY AT THE ADDRESS SET OUT ABOVE.

CONTRACTOR"

Appellants argue that the trial court relied on the fact that "subcontractor," "contractor," "material supplier," and "person" are each defined by Ark. Code Ann. § 18-44-107, which states as follows:

> As used in this subchapter:
>
> (1) "Contractor" means any person who contracts orally or in writing directly with a person holding an interest in real estate, or such person's agent, for the construction of any improvement to or repair of real estate;
>
> (2) "Material supplier" means any person who supplies materials, goods, fixtures, or any other tangible item to the contractor or a subcontractor, or an individual having direct contractual privity with such persons;
>
> (3) "Person" includes an individual, a partnership, a corporation, a limited liability organization, a trust, or any other business entity recognized by law; and
>
> (4) "Subcontractor" means any person who supplies labor or services pursuant to a contract with the contractor, or to a person in direct privity of contract with such person.

The trial court reasoned that this differentiation exempted subcontractors from the requirements under section 115. However, appellants maintain that each category has the same list of requirements to obtain a valid and enforceable labor or material lien.

Appellee asserts that mechanic's liens are strictly construed. *See Books a Million, Inc. v. Arkansas Painting & Specialties Co.*, 340 Ark. 467, 10 S.W.3d 857 (2000). He contends that the General Assembly distinguished categories of potential lien claimants and defined them in Ark. Code Ann. § 18-44-107. The legislature

then set forth section 114, which applies to all "persons," and which states in pertinent part as follows:

> (a) Every person who may wish to avail himself or herself of the benefit of the provisions of this subchapter shall give ten (10) days' notice before the filing of the lien, as required in § 18-44-117(a), to the owner, owners, or agent, or either of them, that he or she holds a claim against the building or improvement, setting forth the amount and from whom it is due.

The statute clearly requires every "person" to give a ten-day notice to the owner before filing a lien. Appellee asserts that section 115 applies to every "contractor." Appellee contends that the statute does not require that the owner must receive the "IMPORTANT NOTICE TO OWNER" prior to the application of any "labor" to the property in order for a subcontractor to acquire a lien. Appellee contends that under section 115(b)(1)(A), the contractor is duty bound to give the notice prior to the supply of materials or fixtures, but not the supply of "labor" and "service," which are not included in the statute. Appellee argues that "labor" and "service" are included in the definition of subcontractor, and therefore, section 115 does not apply to subcontractors.

Finally, appellee claims that under appellants' argument of prior notice, subcontractors who perform labor or services and who fail to receive payment from the owner or the contractor for work performed are only able to file a lien if the same contractor who failed to pay the subcontractor provided the "IMPORTANT NOTICE TO OWNERS" to the owner prior to any labor being performed. Appellee argues that this would place subcontractors at the mercy of the contractors, allowing contractors to avoid liens filed by subcontractors against the property for non-payment simply by failing to give the notice before any work is provided. However, appellee fails to recognize the statutory provision for subcontractors to give the required notice to the owner. *See* Ark. Code Ann. § 18-44-115(b)(1)(B). This provision protects the subcontractor from the contractor who fails to give notice. The distinction between contractors and subcontractors in the statute is that the contractor has a legal duty to serve the notice before the work is commenced, while the subcontractor may serve the notice. *See* Ark. Code Ann. § 18-44-115(b)(1)(A), (B). Appellants claim, and we agree, that this distinction allows the subcontractor to preserve his right to file a lien in the event that the general

contractor fails to fulfill his obligation under the statute; *i.e.*, to serve the notice. If failure to serve the notice prior to work being done did not impair the right of the subcontractor to acquire a lien against real property, then there would be no explanation for the statutory provision that the subcontractor may serve the notice himself, nor any reason for him to do so.

Appellants cite *Urrey Ceramic Tile Co., Inc. v. Mosely*, 304 Ark. 711, 805 S.W.2d 54 (1991), where the Arkansas Supreme Court held that the exception to the notice requirement in the statute at issue there violated the Equal Protection clauses of the Fifth and Fourteenth Amendments, and declined to enforce a lien claimed by Urrey Ceramic Tile, a subcontractor, when no "IMPOR-TANT NOTICE TO OWNER" had been filed by the contractor or the subcontractor. The court stated, "Generally, under § 18-44-115(a)-(d) (1987), the principal contractor, prior to any materials being supplied, must give notice to the property owners of any potential lien claimants under his contract before a lien can be acquired against the owners' property." *Id.* at 712, 805 S.W.2d at 55. The court then noted that any potential lien claimant may give notice so as to perfect his lien, citing § 18-44-115(b). *Id.* Appellants also cite *Books a Million, supra*, where the Arkansas Supreme Court held that strict compliance with § 18-44-115 (Supp. 1999) was required for a subcontractor who had failed to send the notice within the time and in the manner specified by the statute then in force. In this commercial property case, the subcontractor failed to send the notice within the seventy-five day period following completion of the work. The court held that because the notice requirements must be complied with strictly, the lien was not validly created.

■ Appellants argue that the situation herein and in the cases cited above illustrate why the legislature added the boldfaced twelve-point type warnings to the construction-lien procedure. The notice required by section 115 contains advance warnings, precautions, and suggestions as to how to deal with the possibility that the general contractor may fail to pay all the bills. Appellants argue, and we agree, that after the work was done, the owner's financing was exhausted, and the contractor was in default, there was no benefit in appellee notifying appellants that they could demand a list of all the suppliers of labor and material and that they could make all their checks payable to the contractor and subcontractor jointly. Therefore, we hold that the "IMPORTANT NOTICE TO OWNER" must be given by either the contractor

or subcontractor before the work is done in order for it to be of any practical value. Accordingly, we reverse the trial court's finding of a valid lien against appellants' property.

Reversed.

HEFFLEY, J., agrees.

BIRD, J., concurs.

SAM BIRD, Judge, concurring. I agree with the court's decision but am concerned with the confusion caused by Ark. Code Ann. § 18-44-115 for the reasons set forth in my concurring opinion in *Bryant v. Jim Atkinson Tile*, 100 Ark. App. 408, 269 S.W.3d 383 (2007).