

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-14-20

| | |
|---|---|
| AHERN RENTALS, INC. <br> APPELLANT | **Opinion Delivered** August 27, 2014 |
| V. | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. CV-2012-552] |
| SALTER CONSTRUCTION, INC.; CENTERSTONE APARTMENTS OF CONWAY, LLC; and WASHINGTON INTERNATIONAL INSURANCE COMPANY | HONORABLE MICHAEL A. MAGGIO, JUDGE |
| APPELLEES | REVERSED AND REMANDED. |

## ROBERT J. GLADWIN, Chief Judge

Appellant, Ahern Rentals, Inc. ("Ahern"), appeals from the July 12, 2013 order of the Faulkner County Circuit Court. Ahern argues that the circuit court erred in dismissing its complaint against appellees, specifically claiming that its notice complied with the statutory requirements of Arkansas Code Annotated section 18-44-115(b) (Supp. 2013) in providing (1) a general description of the labor, service, or materials furnished, and (2) an amount due; and that it is entitled to assert its lien claim as a subcontractor in accordance with Arkansas Code Annotated section 18-44-101(a) (Repl. 2003). We reverse and remand.

Ahern entered into a contract with White Water Builders, Inc. ("White Water"), a subcontractor to the contractor, appellee Salter Construction, Inc. ("Contractor"), to provide rental equipment in the construction of an improvement owned by appellee Centerstone Apartments of Conway, LLC ("Owner"). White Water failed to fulfill its payment

SLIP OPINION

obligations to Ahern for the equipment used in the construction and subsequently filed for bankruptcy protection. Pursuant to section 18-44-115, Ahern timely provided Contractor and Owner with a seventy-five-day notice ("75 Day Notice") of its intent to file a construction lien.[1]

Ultimately, Ahern filed its complaint on June 29, 2012, against Contractor, Owner, Washington International Insurance Company ("WIIC"), and Marcos J. Martinez, the guarantor of its contract with White Water, to foreclose its lien and pursue a breach-of-guaranty agreement against Martinez. Appellees Contractor, Owner, and WIIC filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Arkansas Rules of Civil Procedure on July 20, 2012, arguing that (1) Ahern is not an entity entitled to assert a lien as a rental-equipment company, (2) Ahern failed to provide a general description of the services provided in its 75 Day Notice as required by section 18-44-115(b)(6)(A), and (3) Ahern failed to provide an amount owed and unpaid in its 75 Day Notice as required by section 18-44-115(b)(6)(A).

Ahern responded to the motion to dismiss on August 6, 2012, and a hearing was held on appellees' motion on June 24, 2013. From that hearing, and based upon the motions and pleadings of the parties, the circuit court granted appellees' motion to dismiss Ahern's complaint and entered its order on July 12, 2013. Ahern subsequently filed a motion for

---

[1]When making a claim for a construction lien, section 18-44-115 provides for what is commonly referred to as the "75 Day Notice," which is required to be given to the property owner and the contractor by subcontractors, service providers, material suppliers, and laborers within seventy-five days from the last day of labor, services, or materials provided to the project.

default judgment against Martinez on August 22, 2013, and the circuit court entered a judgment and decree against Martinez on September 24, 2013. Ahern filed a notice of appeal with respect to the July 12, 2013 order on October 15, 2013, after the judgment against Martinez had been entered, thus making the order final and appealable.

Initially, we address Ahern's argument regarding its underlying entitlement to assert its lien claim as a subcontractor in accordance with section 18-44-101(a). Despite the lack of a specific finding by the circuit court on that issue, we presume that the circuit court reviewed the parties' arguments and determined that Ahern is entitled to assert such a lien because the circuit court addressed the resulting issues related to Ahern's 75 Day Notice. Because that determination is inconsistent with Ahern's position and because appellees did not file a cross-appeal on this issue, we need not make an additional holding on this issue.

Lien statutes are construed strictly, as they are in derogation to the common law. *May Constr. Co., Inc. v. Town Creek Constr. & Dev., LLC*, 2011 Ark. 281, 383 S.W.3d 389; *Simmons First Bank v. Bob Callahan Servs., Inc.*, 340 Ark. 692, 13 S.W.3d 570 (2000). Strict construction requires that nothing be taken as intended that is not clearly expressed, and the plain meaning of the language employed should be used. *May Constr. Co.*, *supra*. Even when statutes are to be strictly construed, however, they must be construed in their entirety, harmonizing each subsection where possible. *Simmons First Bank*, *supra*.

A circuit court's interpretation of a statute is reviewed de novo and will not be reversed unless it is shown that the circuit court erred, and, absent a showing of error, the circuit court's interpretations are accepted as correct. *Simmons First Bank*, *supra*; *Bryant v.*

3

SLIP OPINION

*Cadena Contracting, Inc.*, 100 Ark. App. 377, 269 S.W.3d 378 (2007). The basic rule of statutory construction is to give effect to the intent of the drafting body. *Bryant, supra.* In reviewing issues of statutory interpretation, this court first construes a statute just as it reads, giving the words their ordinary and usually accepted meaning in common language. *May Constr. Co., supra.* When the meaning is clear and unambiguous, the court does not resort to the rules of statutory interpretation. *Id.*

## I. *Compliance Regarding Description of Labor, Service, or Materials Furnished*

The circuit court ruled in its order granting appellees' motion to dismiss that Ahern's 75 Day Notice "failed to give a general description of the labor, services, or material furnished by the Plaintiff, but rather listed that 'equipment rental' was provided." The specific statute that governs this description provides:

> (6) The notice shall contain the following information:
> (A) A general description of the labor, service, or materials furnished, and the amount due and unpaid. . . .

Ark. Code Ann. § 18–44–115(b)(6)(A). This subsection was reviewed by our supreme court in *Ground Zero Construction, Inc. v. Walnut Creek, LLC*, 2012 Ark. 243, 410 S.W.3d 579. The court held that the 75 Day Notice in that case did not comply with section 18–44–115 because it merely tracked the language of the statute without providing any description. *Id.* at 6, 410 S.W.3d at 582. The supreme court indicated, however, that the contractor could have included the description of work as set forth in its contract with the owner of the project to satisfy the statutory requirement for a general description, which stated that the work was for "construction of water and sewer for a commercial subdivision, Walnut Creek." *Id.* at

4

6–7, 410 S.W.3d at 582. The supreme court explained that the distinction was that the contractor "failed to include any description whatsoever in its lien notice," and therefore failed to strictly comply with section 18-44-115(b)(6)(A).

Ahern claims, and we agree, that pursuant to *Ground Zero*, a lien claimant is statutorily required to provide only a general description of the work provided in order to strictly comply with the statute. Here, Ahern provided just such a description of the type of services provided to the construction project by expressly providing that the lien amount being sought was for "rental equipment" provided to a particular subcontractor. When compared to *Ground Zero*, *supra*, in which the supreme court held that the description of labor, service, or materials furnished listed as "in connection with sums owed and unpaid for labor and materials provided . . . "[2] was inadequate, but suggested that a listing of "construction for water and sewer . . ." would have amounted to a sufficient general description, Ahern's description of "rental equipment" is sufficiently descriptive to strictly comply with the statutory requirement to provide a general description of the labor, service, or materials provided.

Despite appellees' assertion that Ahern's description provided in its 75 Day Notice is "comparable to the description rejected" in *Ground Zero*, when the two are actually compared, Ahern's notice accomplished something above and beyond the notice in *Ground Zero*. Ahern's notice provided Owner with a general description of its service and additional information that enabled Owner to take steps to protect itself against loss, which is consistent

---

[2]*Ground Zero*, 2012 Ark. 243, at 2, 410 S.W.3d at 580.

with what appellees claim is the statute's underlying objective, citing *Ellis v. Fayetteville Lumber & Cement Co.*, 195 Ark. 385, 112 S.W.2d 613 (1938). Here, Ahern's notice provided the "short, general description" of its services to which the supreme court in *Ground Zero* was alluding. Ahern described the service provided to appellees' project as being "equipment rental," while also complying with the other requirements in its notice by providing a description of the job to which the equipment rental service was provided, the name of appellees' subcontractor that hired Ahern, and the amount being claimed. Accordingly, we hold that Ahern's 75 Day Notice strictly complied with the statutory requirements.

II. *Compliance Regarding Provision of Amount Due*

Ahern's 75 Day Notice contained the words "estimated price" in the amount of $29,800 as its description of the amount due and unpaid. When the final invoices were tallied and the "10 Day Notice" was subsequently provided to appellees pursuant to section 18-44-114 (Supp. 2013), the final lien amount requested was for $27,451.78. Ahern maintains that the circuit court improperly held that Ahern's 75 Day Notice did not provide an amount due and unpaid.

Ahern reiterates that section 18-44-115(b)(6)(A) states that the 75 Day Notice shall contain a general description of the labor, service, or materials furnished, and *the amount due and unpaid*. Ahern submits that the statute simply requires the claimant to state "the amount due and unpaid" in order to strictly comply, pointing out that there is no qualifying language that would invalidate the lien claim if the amount stated in the 75 Day Notice is different than the amount later sought in future notices or a complaint to foreclose on the lien. Nor is there

any qualifying language in the statute that invalidates the lien claim if the amount sought in the 75 Day Notice includes amounts for profits, which are not lienable. *See Hickman v. Kralicek Realty & Constr. Co.*, 84 Ark. App. 61, 129 S.W.3d 317 (2003) (holding that where a claimant seeks a lien on an amount more than the services, labor, or materials provided, the circuit court must determine the cost of the services, labor, or materials actually furnished and used in the project and disallow a lien for those items which are not lienable, such as profits).

In *Hickman*, *supra*, the claimant was not barred from pursuing its lien on valid amounts allowed for in the statute when it initially sought judgment for an amount more than it could claim in its lien. *Id*. Rather, it is the burden of the claimant to prove at trial whether he is entitled to the full amount sought in the lien claim. *See Del Mack Constr., Inc. v. Owens*, 82 Ark. App. 415, 118 S.W.3d 581 (2003). Additionally, there is no case law that invalidates a lien for claiming an amount different than what can be proved at trial as lienable. While acknowledging that the amount stated in Ahern's 75 Day Notice is admittedly $2,348.22 more than what is claimed in its 10 Day Notice and affidavit of account, Ahern argues, and we agree, that the discrepancy is not fatal to its lien claim. We hold that Ahern strictly complied with the requirement of the statute by providing an amount due and unpaid, even if the initial amount provided in the 75 Day Notice was ultimately for more than it could prove as lienable.

Whether the amount stated in the 75 Day Notice can be proved at trial is not a requirement of section 18-44-115 when determining strict compliance. To interpret the plain language of section 18-44-115(b)(6)(A) to require the amount stated in the 75 Day

Notice to be proved in full at trial in order to maintain a valid lien claim would be to imply something that is not expressly stated in the statute, and such an interpretation violates the rules of strict construction. *Simmons First Bank*, *supra*. The merits of whether the entire stated amount due and unpaid in the 75 Day Notice is lienable is an issue of proof to be decided by the trier of fact at trial, not through a Rule 12(b)(6) motion. *Speights v. Stewart Title Guar. Co.*, 358 Ark. 59, 186 S.W.3d 715 (2004).

Furthermore, the intent of the 75 Day Notice to owners and contractors of a commercial construction project is to notify them that the claimant issuing the notice "is currently entitled to payment but has not been paid." Ark. Code Ann. § 18-44-115(b)(4). The Arkansas General Assembly has expressly recognized that

> [o]wners and developers of commercial real estate are generally knowledgeable and sophisticated in construction law, are aware that unpaid laborers, subcontractors, and material suppliers are entitled to assert liens against the real estate if unpaid, and know how to protect themselves against the imposition of mechanics' and material suppliers' liens.

Ark. Code Ann. § 18-44-115(b)(1)(A). Ahern claims that this is precisely why there is no requirement to provide a "pre-construction lien notice" to owners of a *commercial* construction project. Upon reading Ahern's 75 Day Notice, appellees could, or should, have known not only who sent the notice, the amount that was being claimed, the type of services that were provided, and to which subcontractor those services were provided, but also that they could have paid the named claimant the amount stated in order to protect themselves from a lien claim.

Based on our presumption that the circuit court determined that Ahern was entitled to assert his lien against appellees, and because we hold that Ahern's 75 Day Notice complied with the relevant statutory requirements with respect to the description of the services provided and the amount due and owing, we reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

GLOVER and WHITEAKER, JJ., agree.

*Millar Jiles, LLP*, by: *Daniel C. Brock*, for appellant.

*Gill Ragon Owen, P.A.*, by: *Roger H. Fitzgibbon, Jr.*, and *Danielle M. Whitehouse*, for appellees.