Cite as 2021 Ark. App. 442

# ARKANSAS COURT OF APPEALS

DIVISION IV

**No.** CV-20-595

| | |
|---|---|
| AARON C. SLUYTER AND CHERYL SLUYTER | **Opinion Delivered** November 10, 2021 |
| APPELLANTS | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CV-19-1639] |
| V. | |
| WOOD GUYS, LLC | HONORABLE JOHN R. SCOTT, JUDGE |
| APPELLEE | REVERSED AND REMANDED |

## WAYMOND M. BROWN, Judge

Appellants Cheryl and Aaron Sluyter (the "Sluyters") appeal the order and judgment entered against them on March 5, 2020. On appeal, the Sluyters challenge the validity of the judgment entered by the Benton County Circuit Court, arguing that due to failure to give preconstruction lien notice pursuant to Arkansas Code Annotated section 18-44-115,[1] appellee Wood Guys, LLC, is barred from recovering on its breach-of-contract and quantum meruit claims. We reverse and remand.

In February 2019, the parties orally contracted for Wood Guys to replace and refinish hardwood flooring in a house owned by the Sluyters located in Rogers, Arkansas. Pursuant to the contract, Wood Guys provided labor, materials, and supplies related to hardwood flooring, including the removal and repair of existing flooring and installation of new

---

[1](Supp. 2017).

hardwood flooring. Wood Guys completed the work on March 19, 2019, for a total cost of $5289.95.

A dispute arose between the parties regarding both the quality of the work performed and the amount owed for the work. The Sluyters refused Wood Guys' demands for payment. Consequently, Wood Guys filed a mechanics' and materialmen's lien on the property and then filed a complaint against the Sluyters on July 15 to foreclose its lien, seeking damages for breach of contract or, in the alternative, to recover under the theory of quantum meruit for improvements it made to the Sluyters' property.

On July 29, the Sluyters answered and counterclaimed alleging that (1) the orally agreed-upon price for the flooring work was $3,400; (2) because Wood Guys caused $125 damage to a bathroom toilet, the Sluyters should have an offset or judgment against Wood Guys in the sum of $125; (3) due to negligent installation, the floors buckled and need to be replaced, and therefore they received no benefit from the services provided by Wood Guys; and (4) they are entitled to judgment against Wood Guys for costs to remove and replace the defective flooring. Additionally, the Sluyters requested costs of the action and reasonable attorney's fees. Wood Guys answered the counterclaim denying all allegations.

In its amended answer and counterclaim filed on November 8, the Sluyters claimed entitlement to judgment in the amount of $6,954.73 to replace the defective flooring negligently installed by Wood Guys. The Sluyters further claimed that Wood Guys is a "home improvement contractor" as defined by Arkansas Code Annotated section 17-25-502(2) and, pursuant to Arkansas Code Annotated section 18-44-115(a), Wood Guys, as a home improvement contractor, was required to provide preconstruction lien notice; failure

2

to do so barred Wood Guys from pursuing any claims against them. Wood Guys responded, denying it was required to provide preconstruction lien notice.

The Sluyters moved for summary judgment, asserting that due to Wood Guys' failure to provide the statutorily required preconstruction lien notice, Wood Guys is barred from bringing any action to enforce the provisions of the contract. Therefore, the Sluyters alleged, there are no material issues of fact to be decided, and they are entitled to summary judgment as a matter of law. The case proceeded to trial without a ruling on the summary-judgment motion.

Following the February 18, 2020 trial, the circuit court ruled in favor of Wood Guys. In its order dated March 5, the circuit court found:

1. Under Ark. Code Ann. § 18-44-115 no lien may be acquired on residential real estate unless the owner or owner's authorized agent has received the notice set forth in Ark. Code Ann. § 18-44-115(7).

2. Plaintiff did not provide the pre-construction lien notice stated in Ark. Code Ann. § 18-44-115(7) to Defendants prior to performing the work on the residence located at 4420 Blossom Way, Rogers, Arkansas (the "Property"). Accordingly, Plaintiff did not acquire a valid lien on the defendants' property even though Plaintiff filed a lien.

3. Plaintiff is not a "residential building contractor" as defined in Ark. Code Ann. 17-25-502(3). The term "residential contractor" appearing in A.C.A. § 18-44-115 and the term "residential building contractor" defined in A.C.A. § 17-25-502(3) are synonymous.

4. Plaintiff is a "home improvement contractor" as defined in Ark. Code Ann. § 17-25-502(2).

5. Plaintiff is not barred from bringing this action to enforce its contractual and quantum meruit claims.

6. There is no dispute Plaintiff performed the work on the Property as stated in its invoice, including removal and replacement of a section of wood flooring and

sanding and refinishing flooring at the Property and that the Plaintiff hired a subcontractor to perform part of the work.

7. There is no dispute Defendants have not paid Plaintiff for any of the work Plaintiff performed.

8. The amount charged by Plaintiff for its work is fair and reasonable.

9. Plaintiff is entitled to judgment against Defendants for the full amount of Plaintiff's invoice in the amount of $5,289.95, plus interest at the rate of four percent (4%) per annum from March 19, 2019, until paid, plus the costs of filing this action in the amount of $190.00, plus the cost of serving summons and complaint on the Defendants in the amount of $130.00, plus a reasonable attorney's fee in the amount of $2,500.

10. Defendants' counterclaim is dismissed with prejudice.

11. Defendants' assertion that Plaintiff's work was defective is inconsistent with Defendants' representations in a Property Disclosure Statement to buyers of the Property and inconsistent with testimony and other evidence at trial.

12. Defendants failed to present any evidence of any damages they sustained in the sale of the Property as a result of any alleged defect in Plaintiff's work.

Following the March 23 denial of the Sluyters' motion for reconsideration, they timely appealed.

We review issues of statutory construction de novo and we will not reverse a circuit court's interpretation of a statute unless it is shown that the circuit court erred.[2] It has long been held that mechanics' and materialmen's liens are in derogation of common law.[3] Because they are in derogation of common law and were created by the legislature, we strictly construe these lien statutes.[4] Strict construction requires that nothing be taken as

---

[2]*Ahern Rentals, Inc. v. Salter Constr., Inc.*, 2014 Ark. App. 423, 439 S.W.3d 699.

[3]*Bryant v. Jim Atkinson Tile*, 100 Ark. App. 408, 269 S.W.3d 383 (2007).

[4]*Id.*

4

intended that is not clearly expressed, and the plain meaning of the language employed should be used.[5] Even when statutes are to be strictly construed, however, they must be construed in their entirety, harmonizing each subsection where possible.[6] Where the meaning is clear and unambiguous, we do not resort to the rules of statutory interpretation.[7]

The Sluyters argue that pursuant to the clear provisions of Arkansas Code Annotated section 18-44-115(a), because the required preconstruction lien notice was not provided, Wood Guys is barred from bringing any action to enforce the provisions of the contract, and the mechanics' and materialmen's lien Wood Guys filed against them was therefore invalid and void. In response, Wood Guys argues that it was neither a residential contractor nor, as the circuit court found, a home improvement contractor; consequently, its claims are not prohibited.

Pursuant to Arkansas Code Annotated section 18-44-115(a)(1), no lien may be acquired on residential real estate containing four or fewer units unless the owner, the owner's authorized agent, or the owner's registered agent has received the notice set forth in Arkansas Code Annotated section 18-44-115(a)(7). Subsection (a)(3) provides that it shall be the duty of the residential contractor to provide the required notice on behalf of all potential lien claimants before commencement of work. Furthermore, subsection (a)(4) states that if a residential contractor fails to give the required notice, then the residential

---

[5]*May Constr. Co., Inc. v. Town Creek Constr. & Dev., LLC*, 2011 Ark. 281, 383 S.W.3d 389.

[6]*Simmons First Bank v. Bob Callahan Servs., Inc.*, 340 Ark. 692, 13 S.W.3d 570 (2000).

[7]*Stephens v. Ark. Sch. for the Blind*, 341 Ark. 939, 20 S.W.3d 397 (2000).

contractor is barred from bringing an action either at law or in equity, including, without limitation, quantum meruit, to enforce any provision of a residential contract.

There is no dispute that Wood Guys did not provide preconstruction lien notice. The question is: Does the failure to provide such notice bar Wood Guys from bringing an action to recover on its breach-of-contract and quantum meruit claims?

The plain language of Arkansas Code Annotated section 18-44-115(a)(3) places a duty on "residential contractors" to provide preconstruction lien notice but does not specifically define "residential contractor." However, "residential building contractor" is defined by the Arkansas Code. "Residential building contractor" is defined as any person, firm, partnership, copartnership, association, corporation, or other organization or any combination, which, for a fixed price, commission, fee, or wage, attempts to or submits a bid to construct or contract or undertakes to construct or assumes charge in a supervisory capacity or otherwise manages the construction of a single-family residence or the property and structures appurtenant thereto.[8]

In its order, the circuit court found that Wood Guys is not a residential building contractor. The court additionally found the terms "residential building contractor" and "residential contractor" to be synonymous. While we agree that Wood Guys does not meet the definition of a residential building contractor, we part ways with the circuit court's determination that the terms are interchangeable. The mechanics'- and materialmen's-lien statutes define "contractor" to mean any person who contracts orally or in writing directly

---

[8]Ark. Code Ann. § 17-25-502(2).

with a person holding an interest in real estate, or such person's agent, for the construction of any improvement to or repair of real estate.[9] There is no dispute that (1) the Sluyters, as owners of the single-family residence, held an interest in the real estate;[10] and (2) Wood Guys directly contracted with the Sluyters for the repair and replacement of wood flooring in the real estate. Therefore, pursuant to the mechanics'- and materialmen's-lien statutes, Wood Guys is unquestionably a "contractor." While the term residence or residential is not specifically defined in the statute, the common usage of the word "residence" refers to a place or dwelling in which a person or people live. Here, Wood Guys contracted with the Sluyters to repair the floors in a house in which the Sluyters lived. Consequently, we hold that Wood Guys is a residential contractor subject to provide preconstruction lien notice prior to commencement of work. Because Wood Guys failed to provide the required notice, it is barred pursuant to Arkansas Code Annotated section 18-44-114(a)(4) from bringing an action to recover on its contractual and equitable claims. However, our analysis does not end here.

Arkansas Code Annotated section 18-44-115(a)(8)(A) provides that "if the transaction is a direct sale to the property owner, the notice requirement of this subsection shall not apply, and the lien right arising under this subchapter shall not be conditioned on the delivery and execution of the notice." Under subsection (a)(8)(B), a sale is defined as a direct sale if:

(i) The property owner orders materials or services from the lien claimant; and

---

[9]Ark. Code Ann. § 18-44-107(1) (Repl. 2015).

[10]During the pendency of this action, the house was sold.

(ii) The lien claimant is not a home improvement contractor as defined by § 17-25-502(2) or a residential building contractor as defined by § 17-25-502(3).

"Home improvement contractor" means any person, firm, partnership, copartnership, association, corporation, or other organization or any combination that attempts to or submits a bid or contracts, undertakes, or assumes charge in a supervisory capacity or otherwise manages the reconstruction, alteration, renovation, repair, modification, improvement, removal, demolition, or addition to any preexisting single-family residence or the property and structures appurtenant thereto.[11]

In its order, the circuit court found Wood Guys to be a home improvement contractor and that it is not barred from bringing the action to enforce its contractual claims. However, the clear language of Arkansas Code Annotated sections 18-44-115(a)(8)(A) & (B) expressly state that a home improvement contractor may not be a lien claimant under the direct-sales-notice exception.

According to the express language of the statute, because Wood Guys is a home improvement contractor, it is not entitled to the direct-sales exception to the notice requirement. Consequently, Wood Guys' lien rights and its right to bring an action either at law or in equity, including, without limitation, quantum meruit, are conditioned on the delivery and execution of notice, which it undisputedly failed to do. To the extent that Wood Guys argues it is not a home improvement contractor and therefore the direct-sales-notice exception does apply, we are unpersuaded. Wood Guys contracted with the Sluyters to remove existing flooring and replace it with new hardwood flooring. Wood Guys asserts

---

[11]Ark. Code Ann. § 17-25-502(1).

that because the renovations, repairs, and modifications were limited to flooring and not "substantial work," it does not meet the definition of a home improvement contractor. We disagree. Moreover, Wood Guys fails to provide any authority to support its argument that "substantial work" is necessary to meet the definition of a home improvement contractor. We hold that the circuit court erred in finding that Wood Guys, a home improvement contractor, was not barred from bringing an action to enforce its contractual and quantum meruit claims.

It is not lost on this court that the Sluyters received a benefit from the labor and supplies provided by Wood Guys in the removal, repair, and installation of flooring to their property for which Wood Guys is left without an avenue to recover any compensation.[12] However, when the issues in this case arose, the relevant statute barred all claims, both contractual and equitable, without preconstruction lien notice. In 2021, the legislature amended the mechanics'- and materialmen's-lien statutes removing the bar against equitable claims, instead providing only that residential contractors may not avail themselves of the benefit of a lien without giving notice before commencement of work.[13] While this legislative amendment comes too late to aid Wood Guys, it now provides a way for residential contractors to seek redress, even when they fail to execute and deliver preconstruction lien notice.

---

[12]The Sluyters allege that the new flooring was warped and buckled due to water damage and needed to be replaced; therefore, they received no benefit from the work done by Wood Guys. However, the Sluyters sold the house during the pendency of the case; the house was advertised as "pristine condition," and no water damage was disclosed on the "Seller's Property Disclosure."

[13]See Ark. Code Ann. § 18-44-115(a) (Supp. 2021).

9

Accordingly, we reverse the circuit court's order and judgment entered in favor of Wood Guys and remand the case to the circuit court for a consideration of attorney's fees in favor of the Sluyters.

Reversed and remanded.

WHITEAKER AND HIXSON, JJ., agree.

*Ralph Cavin Williams*, for appellants.

*Conner & Winters, LLP*, by: *Vicki Bronson* and *Emily C. Mizell*, for appellee.