Cite as 2026 Ark. App. 301

# ARKANSAS COURT OF APPEALS
## DIVISION III
No. CV-25-279

| | |
|---|---|
| RON JOHNSON D/B/A RON JOHNSON & SONS, INC.<br><br>APPELLANT<br><br>V.<br><br>KRIS L. SPANGLER; TINA MARIE SPANGLER; AND MCGOWAN BUILT PROPERTIES, LLC<br><br>APPELLEES | Opinion Delivered May 13, 2026<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT<br>[NO. 04CV-24-1947]<br><br>HONORABLE CHRISTINE HORWART, JUDGE<br><br>REVERSED AND REMANDED IN PART; AFFIRMED IN PART; REVERSED IN PART |

**STEPHANIE POTTER BARRETT, Judge**

Ron Johnson d/b/a Ron Johnson & Sons, Inc. ("Johnson"), appeals the Benton County Circuit Court's December 2, 2024 order dismissing his complaint with prejudice and discharging his lien as well as the January 28, 2025 order denying his motion for reconsideration and granting the motions for attorney's fees filed by the appellees, Kris L. Spangler and Tina Marie Spangler ("Spangler") and McGowan Built Properties, LLC ("McGowan"). We reverse and remand the dismissal of the breach-of-contract claim, affirm discharge of the lien, and reverse the award of attorney's fees.

Spangler owns property located at 11261 Stillhouse Springs Drive, Bentonville, Benton County, Arkansas. In 2023, Dakota Riggan, a McGowan employee, contacted

Johnson via text message to request a quote to construct a Romanstone block wall at the property as part of the construction of a residence for Spangler.

Johnson claims that on March 27, 2023, he contracted with McGowan to construct the wall for $5,600. Johnson completed the construction of the wall on or before March 29, 2023. After completion, Spangler and McGowan asserted that the wall was constructed improperly and refused to pay Johnson.

On April 3, 2023, Johnson sent Spangler a letter with an invoice for the construction of the wall. The correspondence and accompanying invoice identified the business as "Johnson & Son's Constr." On April 10, 2023, Spangler responded by letter, acknowledging the agreement to pay $5,600 as reflected in the invoice but asserted, again, that the wall was constructed improperly.

On June 12, 2023, Johnson's counsel, on behalf of Ron Johnson and "Johnson & Son's Construction," sent Spangler and McGowan a pre-lien notice demanding payment of the invoice and informing them that a lien would be filed against the property if payment was not made within ten days of receipt of the notice. Neither McGowan nor Spangler paid the invoice within ten days after the delivery of the notice.

On July 21, 2023, Johnson filed a mechanics' and/or materialmen's lien statement of lien account and affidavit of notice against Spangler and the property with the Benton County Circuit Clerk. The claimant on the lien was named as "Mr. Ron Johnson d/b/a Ron Johnson & Sons, Inc." This is the first instance in which the name "Ron Johnson & Sons, Inc." appeared in connection with the transaction.

On June 26, 2024, Johnson, under Ron Johnson d/b/a Ron Johnson & Sons, Inc., filed a complaint in foreclosure alleging compliance with all of the statutory requirements to enforce a lien and seeking damages in the amount of $5,600 along with attorney's fees and costs. Johnson also alleged a breach of contract, asserting that there was a material breach of the parties' agreement when the invoice was not paid, and he again asserted that he had suffered damages in the amount of $5,600 and had incurred attorney's fees and costs.

On July 8, 2024, Spangler filed an answer and counterclaim alleging negligence, breach of contract, and breach of warranty. On July 22, McGowan filed an answer and counterclaim alleging a breach of contract.

On November 8, 2024, Spangler moved to nonsuit its counterclaim. An order granting the nonsuit was entered on November 12, 2024.

The circuit court held a pretrial hearing on November 21, 2024. At the hearing, Spangler and McGowan made an oral motion to dismiss Johnson's complaint due to the forfeited charter status of the named entity and the absence of an assumed-name filing under Arkansas Code Annotated section 4-70-203 (Repl. 2023). Johnson did not object to proceeding on the oral motion or request additional time. During the hearing, evidence was introduced reflecting that "Ron Johnson & Sons, Inc.," had forfeited its corporate charter. Evidence was also introduced that no assumed-name certificate was filed in Benton County for either "Ron Johnson & Sons, Inc.," or "Ron Johnson." Johnson did not object to the circuit court's consideration of this evidence.

3

Johnson's counsel acknowledged that the lien was filed in the name "Ron Johnson d/b/a Ron Johnson & Sons, Inc.," and requested that the case be allowed to proceed in Johnson's individual capacity. Counsel asked the court for permission to amend the pleadings to proceed in Johnson's individual capacity. Johnson further argued that even if the lien was affected, his breach-of-contract claim in his individual name remained. The circuit court questioned whether Johnson's counsel agreed that the invoice was in the name of "Johnson & Sons, Constr.," and Johnson's counsel acknowledged that the invoice was issued in that name. The circuit court determined that this discrepancy precluded Johnson from proceeding in his individual name under Arkansas Code Annotated section 4-70-203 and granted the motion to dismiss while permitting McGowan to nonsuit its counterclaim without allowing Johnson to amend his pleadings.

On November 26, 2024, Spangler filed a motion for attorney's fees with a supporting brief. That same day, Johnson moved for reconsideration, and McGowan also filed a motion for attorney's fees.

On December 2, 2024, the circuit court entered an order dismissing Johnson's complaint with prejudice and declaring the mechanics' and/or materialmen's lien recorded on July 21, 2023, invalid and discharged.

On December 9, 2024, McGowan filed a renewed motion for attorney's fees. On December 11, Spangler also filed a renewed motion for attorney's fees. Both McGowan and Spangler asserted that they were entitled to a mandatory award of attorney's fees pursuant to

4

Arkansas Code Annotated sections 18-44-128 (Repl. 2015) and 16-22-308 (Repl. 1995). On December 12, 2024, Johnson filed a renewed motion for reconsideration.

The circuit court held a hearing on the pending motions on January 22, 2025. At that hearing, Johnson conceded that the lien claim would fail if strict statutory compliance was not established but maintained that the breach-of-contract claim remained viable. Following the hearing, on January 28, the circuit court entered an order denying Johnson's motions for reconsideration and awarded attorney's fees of $7,560 to Spangler and $11,522 to McGowan.

When an appellant claims that the circuit court erred in granting a motion to dismiss, appellate courts review the circuit court's ruling using a de novo standard of review. *Griffith v. Juarez*, 2022 Ark. App. 206, at 4, 645 S.W.3d 339, 342 (citing *Nucor Corp. v. Kilman*, 358 Ark. 107, 186 S.W.3d 720 (2004)). This court will not reverse a finding of fact unless it is clearly erroneous. *Id.* (citing *Sanford v. Sanford*, 355 Ark. 274, 137 S.W.3d 391 (2003)). This court treats the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. *Id.* (citing *Biedenharn v. Thicksten*, 361 Ark. 438, 206 S.W.3d 837 (2005)). In viewing the facts in the light most favorable to the plaintiff, the facts should be liberally construed in plaintiff's favor. *Id.*

When an action is not prosecuted in the name of the real party in interest, a reasonable time, after objection, must be allowed for ratification, joinder, or substitution of the proper party. Ark. R. Civ. P. 17. Here, the circuit court resolved the real-party-in-interest issue without affording Johnson the opportunity to amend or substitute. On this record,

Johnson should have been given that opportunity. In *Gladden v. Bucy*, 299 Ark. 523, 772 S.W.2d 612 (1989), after the circuit court determined that the executor was not the proper party to bring the suit, the appellant offered to amend the complaint to include the guardian of the children and/or the children themselves as plaintiffs, but the circuit court denied the request and dismissed the complaint with prejudice. The Arkansas Supreme Court explained that, under Arkansas Rule of Civil Procedure 17(a), an action should not be dismissed for failure to prosecute in the name of the real party interest until a reasonable time has been allowed for ratification, joinder, or substitution of the proper parties. Accordingly, the court concluded that circuit court erred in not allowing the amendment. Therefore, we reverse the dismissal with prejudice and remand to the circuit court to allow the substitution of the proper party.

Johnson next argues that the circuit court erred in discharging his lien. We review issues of statutory construction de novo, and we will not reverse a circuit court's interpretation of a statute unless it is shown that the circuit court erred. *See Sluyter v. Wood Guys, LLC*, 2021 Ark. App. 442, at 4–5, 638 S.W.3d 849, 852. Mechanics' and materialmen's liens are in derogation of common law and created by the legislature; therefore, this court strictly construes these lien statutes. *See id.* Arkansas Code Annotated section 18-44-114(a) (Repl. 2015) requires that a person seeking to avail himself or herself of the lien statutes shall provide ten days' notice to the owner before filing the lien. The Arkansas Supreme Court has held that lien statutes require strict compliance. *See TEMCO Constr., LLC v. Gann*, 2013

6

Ark. 202, at 4, 427 S.W.3d 651, 654 (citing *Books-A-Million, Inc. v. Ark. Painting & Specialties Co.*, 340 Ark. 467, 10 S.W.3d 857 (2000)).

Here, the invoice was issued in the name of "Johnson & Sons Const.," and the pre-lien notice was served on behalf of Ron Johnson and "Johnson & Sons Construction." The lien, however, was filed on behalf of "Mr. Ron Johnson d/b/a Ron Johnson & Sons, Inc." These documents show that the entity asserting the lien is not the same party that provided the invoice or pre-lien notice. Lien statutes require strict compliance, and the entity seeking to enforce the lien must be the same entity that provided the required statutory notice. That requirement was not satisfied. A claimant is not entitled to a lien if proper notice is not given. *Bell v. Apache Supply Co.*, 300 Ark. 494, 496, 780 S.W.2d 529, 530 (1989). Accordingly, the circuit court did not err in discharging the lien.

Johnson also challenges the circuit court's award of attorney's fees to Spangler and McGowan. Arkansas courts have consistently held that when a judgment in favor of a prevailing party is reversed, any award of attorney's fees must also be reversed. *See Pettus v. McDonald*, 343 Ark. 507, 516–17, 36 S.W.3d 745, 751 (2001). Therefore, because we reverse and remand the circuit court's dismissal of the complaint with prejudice, the attorney's-fees award is reversed. *See Circle D Contractors, Inc. v. Bartlett*, 2013 Ark. 131, at 3; *Swaffar v. White*, 2024 Ark. App. 417, at 16, 697 S.W.3d 726, 735.

Accordingly, we reverse and remand on the breach-of-contract claim, affirm the circuit court's discharge of the lien, and the award of attorney's fees is reversed.

Reversed and remanded in part; affirmed in part; reversed in part.

TUCKER and MURPHY, JJ., agree.

*RMP LLP*, by: *Anna W. Broadaway*, for appellant.

*Harrington, Miller, Kieklak, Eichmann & Brown, P.A.*, by: *J. Greg Brown*, for separate appellees Kris Spangler and Tina Spangler.

*Friday, Eldredge & Clark, LLP*, by: *Kael K. Bowling* and *Rose E. McGarrity*, for separate appellee McGowan Built Properties, LLC.